*275 Statement of the Case.
MONROE, C. J.
Plaintiif brings this suit upon three notes, each for $1,083.33, of which it alleges that it is holder and owner, and upon the faces and backs of which are written a contract, pledging, for the payment' of the same, a certificate calling for 100 shares of the stock of Gulf Shipbuilding Corporation of New Orleans, and also upon the contract whereby, as it alleges, defendant bought the stock; gave the notes in part payment of the 'price; deposited the certificate therefor, together with an irrevocable power of attorney for the transfer of the same, with plaintiff; and agreed that, in the event of his failure to pay any one of the notes, at maturity, such failure would mature the others, without demand, notice, or putting in default, and that the Pineland Realty Company, or its assigns, should thereupon have the right to sell, assign, and deliver the said security, or any part thereof, at public or private sale, without recourse to legal proceeding, demand, notice, or advertisement, and to purchase the whole or any part of the same, free from any right of redemption in defendant, which right he waives and releases. By the stipulation on the faces of the notes (which, mutatis mutandis, are identical in their terms), the maker waives demand, notice, protest, and notice of protest and of nonpayment, declares that the securities listed on the back of the instrument are pledged for its payment, and binds him- . self in other respects more or less in the terms of the contract above mentioned. The notes are made payable to the order of the maker,1 and the legend upon their backs reads:
“The undersigned hereby, jointly, severally, ■,and in solido, guarantee to the Pineland Realty Company of New Orleans, its successors, indorsers, or assigns, the punctual payment of the within note; and, having taken cognizance of all of its terms and conditions, hereby assent thereto and consent that the securities, or property, held by said Pineland Realty Company for said loan, may be exchanged or surrendered from time to time, and that the time of payment of said note may be extended without notice to, or further assent of, the undersigned, or any of them, who shall remain bound, notwithstanding such exchange, surrender, or extension.
“Certificate No. 53 for 100 shares of stock of the Gulf Shipbuilding Company, Incorporated, New Orleans, La., dated May 29, 1919, having a par value of $100.00 per share.
“[Signed] Alfred H. Clements.”
The paragraph beginning with “the undersigned” and ending with “extension” is evidently a printed form, for use in the event of their being other parties than the maker, placing their signatures upon the backs of the notes; since it may be reasonably supposed, that the maker of a note takes cognizance of its terms and conditions when he signs it, and he is not usually called on to guarantee the payment of such a note.
All of the documents and writings above referred to were made part of the petition.
Opinion.
[1] Our learned Brother of the district court does not state the particular ground upon which he maintained the exception of no cause of action, and w© should be at a loss with respect thereto, save that the counsel seem to agree that his honor was of opinion that the note, being made payable to the order of the maker, required the maker’s indorsement as a condition precedent to the exercise by plaintiff of any right of recovery thereon, and that the signature on the back of the note is not the indorsement so required; that it is merely evidence of the acquiescence of the maker in the pledge of the stock certificate.
We are of opinion that there was error in that holding. The petition, the notes, and the contemporaneous contract all declare that the securities listed on the backs of the notes were pledged for their payment, and defendant’s signature, following the listing, was therefore wholly unnecessary and irrelevant to such pledge; but it was relevant to the *277 purpose for which the notes were executed, and were used to subserve, that is (according to the allegations of the petition, which are here taken to be true), to pay the balance of the price of 100 shares of stock, the title to which thereupon vested in defendant; and it will be presumed that it was written for that imrpose, rather than for no purpose, or a purpose which had already been fully accomplished. The fact that it happens to' follow the listing has no significance; that was probably the most convenient space available.
[2] The Negotiable Instrument Act (64 of 1904) declares that—
“Where a signature is so placed upon the instrument that it is not clear in what capacity the person ¡making the same intended to sign, he is deemed to be an indorser.” Section 17, subd. 6.
“A person placing his signature upon an instrument otherwise than as maker,’ drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention' to be bound in some other capacity,” Id. § 63.
Another sufficient reason why the exception should have been overruled is that plaintiff, having alleged that it is the holder and owner of the notes sued on, may sustain that allegation by proof, if allowed the opportunity, notwithstanding that the notes are made payable to the order of plaintiff and are not by him indorsed, for one may become the holder and owner of a note in that condition otherwise than by indorsement. Thus if one is given a note so drawn by the maker and payee, and gives value in return, the fact that the maker, as payee, had failed to indorse it would be no defense against a suit (hereon, for the law will sometimes presume that to have been done which should have been done; ánd in this instance there is a eontemx>oraneous written contract from which it appears that plaintiff acquired the notes in question as part of the purchase price of certain stock, and that they are described therein as “drawn by him (Alfred H. Clement) to his own order, and by him indorsed.” Eor the purpose of the exception, therefore, the situation is the same as though the notes were indorsed as the contract declares them to have been. !
“It is elemental that when separate writings are executed between the same parties, at the same time, in the course and as parts of the same transaction, and intended to accomplish the same general object, they are to be construed as one and the same instrument. In accordance with this principle, notes and contemporaneous written agreements, executed as part of the-same transactions, will be construed together as forming one contract in a controversy between the original parties to the instrument, or persons standing in their situations or chargeable with notice of the contemporary instruments. * * * ” 8 C. J. p. 196, § 327.
The judgment appealed from is therefore annulled, and the case is remanded to the district court, to be there proceeded with according to law and to the view herein-above expressed; the defendant to pay the costs of the appeal, and those of the trial court to await the final judgment.