KITCHEN v. FERGUSON

(April 26, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Bills and Notes—Par. 224, 226; Evidence—Par. 228.**

While the usual place for parties to sign a promissory note is well established by custom, and while it is proper to conform to the custom, the place is not made essential by law or jurisprudence; on the contrary, parties to a note may sign in any part of it on the front or on the back; the quality in which they sign being a matter of intent and proof.

Appeal from Civil District Court, Division "E", Hon. Wm. H. Byrnes, Jr., Judge.

Action by J. C. Kitchen against Robert Ferguson. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. E. Torgusen and Daniel Wendling, of New Orleans, attorneys for plaintiff, appellee.

Warren V. Miller, of New Orleans, attorney for defendant, appellant.

Eugene S. Hayford, of New Orleans, for exceptor.

CLAIBORNE, J. This is a suit on a promissory note of $2000 dated July 2, 1921, payable one year after date to the order of plaintiff with eight per cent per annum interest from date till paid upon which has been paid two sums on account, leaving a balance due of five hundred and thirty seven 97-100 dollars with interest.

The defendant filed an excepton "that said petition and exhibits attached thereto disclosed no right or cause of action, without stating the reasons why".

The exceptions were overruled and properly so.

We are informed in argument that the exception was based upon the ground that the defendant did not affix his signature upon any particular part of the front portion of the note, but that he signed on the top part of the back of the note.

As a question of law, his signature there and nowhere else, was sufficient to bind him as a maker.

In 8 Corpus Juris, p. 108 S. 198, we read on p. 109:

"It (the signature) may be written across the face of the instrument, and one may even sign as maker on the back of the note."

And on p. 108:

"Ordinarily the signature of parties to negotiable instruments have a well understood position on the paper, but so far as the nature of the liability is concerned, it is generally immaterial where a person signs, since the intent of the signer ordinarily governs the nature of his liability."

Note 37 "and one may even sign as maker on the back of the note", also 7 Cyc. p. 614.

Another reason is, that plaintiff having alleged that he is the holder of a note "made by the said Robert Ferguson and signed by him" might sustain that allegation by proof, if allowed the opportunity. Pineland Realty Co. vs. Clements, 149 La. 274, 88 South. 818.

In Nolan vs. Brown, 152 La. 333, 93 South. 113, the court said on p. 336:

"Whenever a negotiable bill or note is given for which one in reality is primarily bound, though by the manner in which his name is placed thereon he may appear to be bound in some other capacity, the true facts may always be shown as between the original parties."

In "Defense to Commercial Paper" by Joyce, p. 114, (Ed. 1924) it is said:

"The place of signing a note is immaterial as regards its execution by the parties, the relation assumed by the signing being a matter of proof."

See also 122 Ala. 506—4 Conn. 389; 26 Ga. 223; 51 Ill. 435; 54 Ill. 675; 17 Ala. 630; 57 Ill. 216.

In Daniel on Negotiable instruments (6th Ed.) S. 74, p. 109 we read:

"It does not matter upon what portion of the instrument the maker or drawer affixed his name, so that he signed as drawer or maker."

The defendant filed no answer, and judgment by default was confirmed against him. He appealed.

On confirmation of default C. E. Torgusen, attorney for plaintiff, testified as follows:

"On the date of this occurrence July 2, 1921, Captain Kitchen came into my office together with Captain Ferguson, and Captain Kitchen requested me to make out the note for $2000; that he was going to loan $2000 to Captain Ferguson, who was going to give him the note, with eight per cent interest. I wrote this note out myself on the typewriter and made this endorsement; Captain Ferguson told me he owed Cowley, the steamship agent, $2000, and that Cowley had a $2000 Liberty Bond belonging to him and the money was given to Ferguson in my office; Captain Kitchen had to go to the bank to get the money. The note was not signed in my office, and I told Ferguson when he got the money to come back and see me; so he came back and told me that everything was all right, and he gave Captain Kitchen this $1000 Liberty Bond in my presence, and he (Captain Kitchen) told me he had given him this note * * *."

Witness talked to E. S. Hayford, attorney for defendant; together they checked up all the receipts that Ferguson received from plaintiff, and everything was agreed to be correct; Hayford agreed to give a ninety-day note if suit was not filed, that is Captain Ferguson's signature on the note; the amount sued for is correct.

The judgment is correct and it is therefore affirmed.