No. 2221

Second Circuit

---

ACHEE v. WILLIAMS

---

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Bills and Notes—Par. 198.

Where suit is brought against the maker of a promissory note to enforce its payment, the defendant has no interest

to contest plaintiff's ownership or his right to sue thereon unless it is attempted by fictitious endorsement or assignment to deprive him of some substantial ground of defense against the original or true owner thereof.

**2. Louisiana Digest—Bills and Notes— Par. 127.**

A note made payable to the maker's own order is not complete as a negotiable instrument until endorsed by the maker, but where such note is delivered by the maker to his creditor as evidencing a valid and binding obligation and is by the creditor endorsed and transferred to a third person for value, such third holder may enforce the payment of the note against the maker.

**3. Louisiana Digest—Mortgages—Par. 51; Vide Chattel Mortgages.**

Where a chattel mortgage is given to secure a note, the mortgage and the note must be read and construed together.

**4. Louisiana Digest—Mortgages—Par. 52; Bills and Notes—Par. 95, 128.**

The note was payable to the maker's own order, not endorsed by him, but delivered to his creditor as per agreement, and the chattel mortgage given to secure the same recited that the note was endorsed; held, that the failure of the maker to endorse the note under all the circumstances disclosed was an oversight.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by B. E. Achee against W. B. Williams.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. P. Garrott, Alex F. Smith, of Shreveport, attorneys for plaintiff, appellee.

Wallace, Lyons & Wallace, of Shreveport, attorneys for defendant, appellant.

ODOM, J. This is a suit on a promissory note given by defendant in part payment of the purchase price of a Nash automobile; the note being secured by chattel mortgage on the car.

Plaintiff alleges that he is the holder and owner of the note in due course and before maturity; that said note is made payable to the order of the maker, Williams, and was intended to be endorsed in blank by him, as is stipulated in the act of chattel mortgage, but that through error said note was delivered to the Commerce Motor Company, Inc., from which the car was purchased, without being endorsed, but was delivered by the maker with intent on his part that he should be bound to any future holder or owner of the note.

In answer, defendant admitted the execution of the note and mortgage, as alleged by plaintiff, but denied that he is indebted to plaintiff in any sum, and sets up the following defenses:

First, that plaintiff is not the holder and owner of the note.

Second, that said note is null and void in the hands of plaintiff, for the reason that the same was made payable to his order and was not endorsed by him, and that the note sued on is not complete.

Third, that said note was not and was never intended to be a negotiable instrument.

Fourth, that plaintiff cannot recover under his suit, because there is no allegation that the note was endorsed.

Fifth, that he had an agreement with the Commerce Motor Company, Inc., from which he purchased the car, that he was to pay said note with fees earned as notary for said company and was not to be called on to make any payments beyond the fees so earned.

The trial of the case resulted in a judgment in favor of the plaintiff for the full amount of the note, interest and attorney's fees, less a credit of $247.00, amount of notarial fees actually earned by defendant, and a credit of $79.10, which represents an account due by the Commerce Motor Company, Inc., to Dickson & Denny, which was assigned by the latter to defendant.

The defendant appealed.

## OPINION

The record in this case is not complete. The note and the chattel mortgage alleged upon and the interrogatories propounded to Mr. Barre are all missing. However, as neither side has urged any objection on that score, we shall decide the case upon the record before us, such as it is.

The undisputed facts are that about May 10, 1923, the Commerce Motor Company, Inc., sold to defendant, Williams, a new Nash automobile at an agreed price of $1642.00 and took, as part payment, a Buick car, then owned by defendant, at the price of $550.00, leaving a balance due of $1092.00, for which defendant executed the promissory note sued on, payable in monthly installments of $91.00, said note being made payable to maker's order; that in order to secure the payment of said note the defendant executed a chattel mortgage on the Nash car with the stipulation (copied from plaintiff's brief):

"For the balance, to-wit: the sum of $1092.00, the purchaser has made and subscribed said purchaser's one certain promissory note dated with this act, payable at the office of the Commercial Investment Trust Company, Inc., to the purchaser's own order and by the purchaser endorsed in blank, said note having been paraphed 'Ne Varietur' by me, Notary, to identify same herewith and delivery to the vendor who acknowledges receipt thereof."

And further admitted that while the note was made payable to maker's order it was never endorsed by him; and the defendant further admits that the note has not been paid in full.

Taking up the defenses in the order named above, we find that the first is without merit. The note was delivered to the Commerce Motor Company, Inc., the concern from which he purchased the car. It was endorsed by that company and in turn delivered to the Commercial Investment Trust Company, Inc., and by that company to the Employers' Liability Assurance Corporation, Limited, which owned the note sued on. The owner of the note delivered it to B. E. Achee, its employee, with instructions to bring suit. The said company filed an intervention in this suit and made itself a party for the purpose of being bound by any judgment the court might render.

The defendant has no interest to contest plaintiff's ownership of or his right to sue on the note, unless it be attempted,

by fictitious endorsement or assignment, to deprive him of some substantial ground of defense which he may have against the true owner.

See authorities cited in Louisiana Digest, Volume 1, under the heading of "Bills and Notes", Sections 198 and 202, pages 981 and 983.

This special defense was no doubt set up in order that defendant might offer evidence to the effect that it was agreed at the time the note was signed and delivered to the vendor of the car that no payment was ever to be made on the note except the amounts which he earned as notary for the Commerce Motor Company, Inc. The district judge permitted him to testify as to that agreement and held, we think correctly, that defendant under the circumstances was entitled to plead all defenses against the plaintiff that he would have been entitled to plead against the original holder and owner of the note; for the testimony shows that the plaintiff acquired the note sued on after maturity.

So that defendant has not been deprived of any of his defenses and can suffer no injury. The judgment rendered will be res judicata as between him and all parties through whose hands the note went.

The second, third and fourth defenses are likewise without merit.

It is true that the note was made payable to the maker's order but not endorsed by him.

But admittedly there was a valuable consideration given for the note. In consideration of the said note and a used car defendant received a new Nash car worth $1642.00, which he now has. He admits that he has not paid, except in part, the amount evidenced by the note.

There was also a delivery of the note by the defendant to his creditor and by said creditor to plaintiff.

But defendant failed to endorse the note, and for that reason alone he says it is null and void in the hands of plaintiff.

Section 184 of the Negotiable Instruments Law (Act 64 of 1904) provides that:

"Where a note is drawn to the maker's own order, it is not complete until endorsed by him."

It was so held in Continental Bank & Trust Co. vs. Baker, 132 La. 544, 61 South. 575, and Hibernia Bank & Trust Co. vs. Dresser, 132 La. 532, 61 South. 561.

While it is true that a note made payable to the maker's order is not complete as a negotiable instrument in the hands of a third person without the maker's endorsement, such a note is not a nullity but is good in equity against the maker where it is shown that the note was given for a valuable consideration and was delivered by the maker to his creditor in accordance with the terms of the contract in connection with which the note was executed.

Such a note is not a negotiable instrument until endorsed by the maker, but the maker may transfer it in such manner as to make it enforceable against him in the hands of a transferee for value.

A person may become the owner of a promissory note otherwise than by endorsement.

The defendant in this case executed the note for the unpaid part of the price of

the car and the vendor accepted the note as evidence of the debt. It became the owner of the note upon its delivery by the maker. It then endorsed the note and transferred it to the plaintiff for value. Whatever title it had to the note passed to the present holder. The obligation of the defendant to pay the note sued on is not disputed. Nor does the defendant deny that the Commerce Motor Company, Inc., from which he purchased the car, owned the note.

Not only that, but defendant knew that the vendor of the car intended to transfer the note to the present holder, as is shown by the fact that the first note executed was sent by the vendor of the car to a finance corporation in New Orleans and was returned for the reason that said corporation did not handle notes given in payment for any except light cars. When the note was returned, defendant was informed of that fact and was asked to execute another note and mortgage on forms required by the present holder of the note. He readily consented and executed the present note and mortgage securing it, delivered the note and mortgage to the vendor of the car, and the first note was returned to him.

While the note was never endorsed by defendant, we are satisfied that his failure to endorse it was an oversight. Contemporaneously with the execution of the note the defendant executed and signed before a notary an act mortgaging the car to secure the payment of the note, which act of mortgage recites that the note described therein is 'made payable to the maker's own order and by him endorsed in blank.

The note is tied to the mortgage by the paraph of the notary. The note and mortgage are to be read and construed together as one act.

In the case of Pineland Realty Co. vs. Clements, 149 La. 274, 88 South. 818, the court quoted approvingly from 8 Corpus Juris, page 196, Section 327, as follows:

"It is elemental that when separate writings are executed between the same parties, at the same time, in the course and as parts of the same transaction, and intended to accomplish the same general object, they are to be construed as one and the same instrument. In accordance with this principal, notes and contemporaneous written agreements, executed as part of the same transaction, will be construed together as forming one contract in a controversy between the original parties to the instrument, or persons standing in their situations or chargeable with notice of the contemporary instruments."

The holding of the court in the cited case is conclusive on the point at issue in this case.

We quote from the body of the opinion as follows, to-wit:

"Another sufficient reason why the exception should have been overruled is that plaintiff, having alleged that it is the holder and owner of the notes sued on, may sustain that allegation by proof, if allowed the opportunity, notwithstanding that the notes are made payable to the order of plaintiff and are not by him endorsed, for one may become the holder and owner of a note in that condition otherwise than by endorsement. Thus if one is given a note so drawn by the maker and payee, and gives value in return, the fact that the maker, as payee, had failed to endorse it would be no defense against a suit thereon, for the law will sometimes presume that to have been done which should have been done; and in this instance there is a contempora-

neous written contract from which it appears that plaintiff acquired the notes in question as part of the purchase price of certain stock, and that they are described therein as drawn by him (Alfred H. Clement) to his own order, and 'by him endorsed'. For the purpose of the exception, therefore, the situation is the same as though the notes were endorsed as the contract declares them to have been."

The fifth and last contention of defendant is that he was not to pay anything on the note except what he earned as notary in passing acts of chattel mortgage for the Commerce Motor Company, Inc.

Without discussing the testimony on that point in detail, our conclusion is that this defense falls for lack of proof.

He earned while acting as notary up to the date the Commerce Motor Company, Inc., the vendor of the car, became insolvent, the sum of $247.00, which the District Court allowed as a credit on the note. The court also allowed a credit of $79.10 for a claim which defendant had acquired from Dickson & Denny. These were just claims against the original owner of the note and were properly allowed by the District Court.

Counsel for plaintiff complains at. the ruling of the court in that respect.

More than one reason might be assigned for our refusal to grant plaintiff relief from the court's ruling on that point, but one is sufficient. Plaintiff did not appeal from the judgment rendered nor has he moved in this court for an amendment thereof.

For the reasons assigned, the judgment appealed from is affirmed with costs.