No. ——

First Circuit

---

BANK OF ST. MARTINVILLE

v.

DUCHAMP

---

(June 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Bills and Notes—Par. 83.

Under Section 184 of the Negotiable Instruments Act No. 64 of 1914, a note made to the maker's order but not indorsed by him is not complete and no liability arises thereunder.

Appeal from the Parish of St. Martin. Hon. James D. Simon, Judge.

Action by Bank of St. Martinville against D. E. Duchamp et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Martin & Martin, of St. Martinville, attorneys for plaintiff, appellant.

Voorheis & Labbe, of St. Martinville, attorneys for defendant, appellee.

LECHE, J. Plaintiff as holder of a promissory note dated September 24, 1923,

due September 24, 1924, worded as follows: "I promise to pay to the order of myself, etc.," signed by D. E. Duchamp and Louis Duchamp, sues the heirs of Louis Duchamp, whom it alleges and treats as an endorser of the note.

The present suit was filed May 7, 1926. Louis Duchamp died November 24, 1924, his heirs accepted his succession unconditionally and their liability, if any, is the same as their ancestor's would be if he were still living, save that they may have been realeased by prescription, the interruption of which could not be proved against them by parol evidence.

Plaintiff's suit was dismissed as to one of the heirs of Louis Duchamp, who is an absentee, for want of jurisdiction. Though that decree was appealed from, no return day is fixed in the order of appeal, and we find no bond of appeal, and we therefore assume that such appeal was abandoned.

Plaintiff's demand as to the other heirs of Louis Duchamp was rejected on its merits, and plaintiff now prosecutes an appeal from that judgment.

On this appeal the only question to be decided is the liability vel non of the heirs of Louis Duchamp, who are present in this State, which may result from the signature of their ancestor on the note in suit.

The note is subscribed by D. E. Duchamp and by Louis Duchamp, payable "to the order of myself." That makes it a solidary obligation, but it is not endorsed by Louis Duchamp. It is only endorsed in blank by D. E. Duchamp.

According to Section 184 of the Negotiable Instrument Act, No. 64, p. 147 of 1904, "where a note is drawn to the

maker's own order, it is not complete until endorsed by him." When, therefore, the law in specific terms, declares that a note is incomplete, it is only logical to hold that it is no note at all, and that no liability can arise thereunder.

Plaintiff, no doubt surmising the effect of the quoted language of Section 184 of the Negotiable Instrument Act, has taken the position that Louis Duchamp should be held as an endorser. Paragraph 6 of Section 17 of the same act says that "where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an endorser." But an examination of the present note, clearly indicated that Louis Duchamp intended to sign as maker and therefore there is no reason to attribute ambiguity where ambiguity does not exist.

Besides these insurmountable obstacles to plaintiff's recovery, plaintiff has neither alleged nor proved demand and notice of dishonor.

Believing that the judgment appealed from is correct, it should be affirmed and,

It is so ordered.