No. 2862

Second Circuit

KIMBALL ET AL. v. PORET ET AL.

(February 3, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Bills and Notes—Par. 95, 127, 128.**

A note drawn payable to maker's order is not complete as a negotiable instrument until endorsed by him; but where sold and delivered by him without endorsement, the sale may be established by parol evidence, or by endorsement without recourse subsequently by the maker.
Hughes vs. Harrison, 2 Mar. (D. S.) 90.
Achee vs. Williams, 6 La. App. 316.
Pineland Realty Co. vs. Clements, 149 La. 274, 88 So. 818.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by Mrs. Louise Kimball, Wife, etc., et al. against Edward A. Poret et al.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

N. I. Normand, of Marksville, attorney for plaintiffs, appellants.

Bordelon & Norman, of Marksville, attorneys for defendants, appellees.

## STATEMENT OF THE CASE

REYNOLDS, J. This is an injunction suit to restrain the sale of immovable property under executory process on the ground that the mortgage debt was paid.

Defendant denied that the debt was paid and alleged that it was a subsisting obligation.

On these issues the case was tried and there was judgment in favor of the defendant and the plaintiff appealed.

## OPINION

S. D. Saucier was the owner and holder of a certain promissory note for the sum of $140.00, dated January 9, 1922, signed by J. V. Kimball, payable to the order of S. D. Saucier on December 1, 1922, bearing 8% interest from its date until paid and stipulating payment of 10% attorney's fees, and secured by mortgage on certain immovable property situated in Avoyelles parish, on which note sums aggregating $30.02 had been paid.

On July 31, 1925, defendant, Edward A. Poret, delivered to S. D. Saucier his check for $141.70 on a local bank and Saucier delivered to him the note in question unendorsed.

Some days later, at the request of Poret, Saucier endorsed on the back of the note: "Without Recourse. S. A. Saucier."

Poret sued out executory process on the note and mortgage, making the plaintiffs defendants therein on the allegation that J. V. Kimball had died and that they

were his sole heirs and had unconditionally accepted his succession, and the mortgaged property was duly seized and advertised for sale.

Thereupon the plaintiffs brought this suit.

It is their contention that Poret did not buy the note from Saucier but paid it and that the note and mortgage were extinguished.

And the question to be determined by us is whether the note was purchased or paid by Poret.

S. D. Saucier testified:

"Q. When he (Edward A. Poret) called at your home in July or August to see you in regard to the note, what did he say?
"A. He wanted to take up Mr. Kimball's note.
"Q. Did he take it up?
"A. Yes, he did.

* * * *

"Q. You remember when you endorsed that note, did you endorse it the same day Dr. Poret paid you for the note?
"A. No, sir, I did not.
"Q. How long after did you endorse it, about?
"A. About a week or two after, I could not say exactly.
"Q. How came you to endorse it a week or two after?
"A. He asked me to.

* * * *

"Q. And it was done at the suggestion of Dr. Poret, was it not?
"A. Yes, sir.

* * * *

"Q. He paid the full value of the note, did he?
"A. Yes, sir.
"Q. You gave him the note?
"A. Yes, sir.

* * * *

"Q. If he had asked you to endorse it, would you have done so?
"A. Yes, sir.
"Q. So you sold him the note. He paid you for it. Did he?

"A. Yes, sir; I sold him the note and he paid me for it.

* * * *

"Q. So the amount given to you on this check covered the principal and interest of the note?
"A. Yes, sir; it did."

Edward A. Poret testified:

"Q. Did you know Mr. J. V. Kimball?
"A. Yes, sir; I knew him well.
"Q. Is he dead now?
"A. Yes, sir, he is.
"Q. Did you visit him during his illness and treat him?
"A. Yes, sir, I did.
"Q. Did he owe you for medical attention?
"A. Yes, sir, he did.
"Q. Do you remember the amount he owed you?
"A. Yes, sir, I do.
"Q. State, please?
"A. Two hundred and no-100 ($200.00) dollars.
"Q. You have obtained judgment against the widow and heirs for this amount?
"A. Yes, sir, I have.

* * * *

"Q. You knew that at the time of Mr. Kimball's death there was an outstanding mortgage held by Mr. S. D. Saucier?
"A. Yes, sir, I did.
"Q. You went to Mr. Saucier to purchase that note, doctor?
"A. Yes, sir, I did.
"Q. Examine the document marked defendant No. 1 and state whether or not this is the check which you paid Mr. Sidney D. Saucier for the note?
"A. Yes, sir, this is my check; this is the check I paid him for the note.
"Q. Was the note turned over to you by Mr. Saucier?
"A. Yes, sir, it was.

* * * *

"Q. He did not mark the note paid?
"A. No, sir, he did not.
"Q. Then or at any other time?
"A. No, sir, not at all.
"Q. Examine the note and state whether this is the note you bought?
"A. Yes, sir, this is the note.

* * * *

"Q. Did you pay this note for the Kimball heirs?

"A. No, sir, I bought this note for myself.

"Q. The reason for your wanting to purchase the note was because you already held a claim for medical attention given against Mr. J. V. Kimball's succession?

"A. Yes, sir.

"Q. Did you know that this note would have to be paid first?

"A. Yes, sir.

"Q. So, doctor, you claim that you bought the note from Mr. Saucier?

"A. I surely did, Mr. Normand."

There is no evidence contradicting the testimony of either of these witnesses and their testimony makes it clear that it was Saucier's intention to sell and Poret's intention to buy the note in question and that the transaction between them was one of purchase and sale. The note was delivered by Saucier to Poret at the time of the purchase and the price therefor paid. The fact that the note was not endorsed by Saucier at the time he delivered it to Poret and was endorsed later does not deprive the transaction of the effects of a sale. Even without such endorsement the note and mortgage might have been enforced by the purchaser.

Hughes vs. Harrison, 2 Mar. (O. S.) 90.

Achee vs. Williams, 6 La. App. 316.

Pineland Realty Co. vs. Clements, 149 La. 274, 88 So. 818.

Our learned brother of the District Court rendered an able written opinion rejecting plaintiffs' demand. Under the law and the evidence his decision is correct and accordingly the judgment appealed from is affirmed.