No. 524

First Circuit

PRESTENBACH v. MANSUR

(December 30, 1929. Opinion and Decree.)
(March 5, 1930. Rehearing Granted.)
(June 30, 1930. Opinion and Decree on Rehearing.)

B. R. Miller, of Baton Rouge, attorney for plaintiff, appellee.

Daspit, Huckabay & Blanche, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. This suit is by one indorser against another indorser, and, from a judgment in favor of plaintiff, defendant has appealed.

The fact is patent from the evidence in the record that in point of time Prestenbach is the prior indorser, though his name appears beneath or below that of Mansur. The order of indorsements may be shown by parol evidence. Redden v. Lambert, 112 La. 740, 36 So. 668; section 68 of Act No. 64 of 1904, p. 158, also section 61 of the same act.

An indorser may only be held liable to a subsequent indorser. A subsequent indorser is not liable to a previous one. Prestenbach was the previous indorser, and therefore Mansur, the subsequent indorser, is not liable to him.

For these reasons, the judgment herein is avoided and reversed, and plaintiff's demand is refused, at his cost.

MOUTON, J. (dissenting). A. G. Ponson, now deceased, executed a promissory note, December 5, 1925, made payable to his own order. The note was not indorsed by Ponson, maker and payee, but was indorsed by Peter Mansur, Louis Prestenbach, and W. P. Sevario, in the order named.

The note was given for a debt which Ponson, the maker, had incurred in favor of Sevario for the purchase of some furniture, and was an accommodation paper.

The Commercial Securities Company, transferee of the note, obtained judgment against plaintiff, Louis Prestenbach; the other indorsers having refused to pay. Plaintiff paid the judgment so obtained by the Commercial Securities Company, and was by that company conventionally subrogated to its rights thereunder.

Plaintiff, whose name is the second on the note, sues Peter Mansur, whose name appears thereon as the first indorser. The suit is between these two indorsers; Sevario not being a litigant in the case.

Judgment was rendered against Peter Mansur, from which he prosecutes this appeal.

The first contention of the defendant is that the note, not having been indorsed by Ponson, the maker, was not a complete negotiable instrument, and that defendant incurred no liability thereunder.

It was held in Maddox v. Robbert, 165 La. 694, 699, 115 So. 905, that a note payable to order may be transferred without indorsement, and that the transfer may be proved by parol; also by this court in

Crowley Lumber Co. v. Plaffer, 4 La. App. 606.

It was also so held in Pineland Realty Co. v. Clements, 149 La. 274, 88 So. 818, 819, where it appeared that the note had been made payable to the order of the maker and had not been indorsed. In that case it appeared from the allegations of the petition, which had to be taken as true on an exception of no cause of action, that value had been given in return for the note, and in which the court said:

"The fact that the maker, as payee, had failed to indorse it would be no defense against a suit thereon, for the law will sometimes presume that to have been done which should have been done."

Under the facts hereinabove stated the note is legally enforceable, Corpus Juris vol. 8, p. 1007; Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743, and defendant is liable thereon, unless he can escape liability under his second defense, which is, that he was not a prior indorser on the note.

The proof shows that plaintiff's name was the first placed on the note by Ponson, his son-in-law, who was acting as his agent. It further shows that defendant, Peter Mansur, was a subsequent indorser, and who claims that he inadvertently signed as first indorser as appears in the order of the signatures on the back of the note. Claiming he was the second indorser in point of time, he contends that he is not liable to plaintiff, who was, in point of time, the first indorser.

Pertinent to the issue herein presented, section 68 of Act No. 64 of 1904, p. 147, reads as follows:

"As respects one another, indorsers are liable prima facie in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise."

The legal liability of the indorsers on the note was, under the law merchant, fixed by the order of their signatures which constituted their written contract.

In the case of Connely v. Bowig, reported in 16 La. Ann. 108, 79 Am. Dec. 568, the court said that it requires strong evidence to vary the legal liability of indorsers as fixed by the lex mercatoria, because such a modification of their obligations is in derogation of the law of their written contract. In that case the court said that there was no express agreement to show that the indorsers were to bear jointly any part of the loss resulting from their indorsement of the note for the accommodation of the maker.

In a still earlier case, Knox v. Widow and Heirs of Dixon, 4 La. 466, 23 Am. Dec. 488, practically the same doctrine was applied in a case involving similar issues.

These decisions were rendered long before our present Negotiable Instrument Law was enacted in 1904. In that act, section 68, above referred to, says that the prima facie liability of the indorsers springs from their written contract of indorsement in the order in which they indorse. This obligation is created according to the order in which they indorse. The obligation may, however, be varied or modified, says that section of the statute, if it be shown that as between or among themselves the indorsers have agreed otherwise. Such an agreement, in our opinion, must be shown to establish a modification of the contract resulting from

the order in which they have indorsed. This doctrine is recognized in most of the other states where the law merchant prevails as it does in this state. See Corpus Juris, vol. 8, par. 455, pp. 290-380. Randolph on Commercial Papers (2d Ed.) vol. 2, sec. 740, says:

"The liability of endorsers of commercial paper is in the order in which their names appear on the paper. Even among themselves successive accommodation endorsers are liable to one another in the order in which their names appear in the absence of special agreement to the contrary. Only an express agreement can render them liable to one another as co-sureties with the consequent right and duty of contribution as such."

The proof in this case shows that plaintiff did not know either Mansur, the defendant, or Sevario, the other indorser. The name of the plaintiff was written on the note by Ponson, and the record shows that plaintiff was not present when the two other indorsers signed. There is no proof, and it is not contended by defendant, that the indorsers entered into any agreement that they would be bound otherwise than in the order "in which they endorsed" the note. In the absence of such an agreement, there resulted no variation or modification in the obligations of the indorsers to respond in accordance with the order in which their names appeared on the obligation.

I therefore respectfully dissent.

## ON REHEARING

ELLIOTT, J. The statement of facts contained in the dissenting opinion handed down at the time the original was rendered, herein is correct and is therefore adopted for the purpose of our present opinion and decree.

A. G. Ponson signed an instrument in the following form: "For value received I promise to pay to the order of myself at the Bank of Baton Rouge * *, three hundred seventy-nine & 50/100 Dollars"—but did not indorse it. Further statements contained in the instrument are not important in this controversy.

On the first appeal it was held by a majority opinion that Prestenbach, having been the first indorser in point of time, and Mansur the second in point of time, could not, for that reason, recover from Mansur. Our first opinion, also the dissenting opinion, assumed that Prestenbach and Mansur were indorsers on a note and were, as such, subject to the rights and liabilities of indorsers.

We adhere to our first conclusion to the extent, that if the rights and liabilities of accommodation indorsers on a note drawn payable to the order of a maker and signed, but never indorsed by him, are, as between themselves, the same as if the maker had completed the note by his indorsement, then Prestenbach had no right to recover from Mansur for the reasons given in our first opinion.

Our former opinion, however, did not take into account the fact that the note in question was incomplete, and that Mansur had urged that fact in his answer, specifically denying that he was an indorser on a promissory note, as alleged in plaintiff's petition, and alleging that said purported note was no note at all.

We feel that the case cannot be properly decided without acting on said defense urged by Mansur, obvious on the face of the record.

A rehearing was granted and all aspects of the case have been reconsidered.

It is perhaps well to additionally state that Mansur excepted to plaintiff's petition on the ground that it did not set forth any cause or right of action. This exception was overruled and Mansur, without waiving his said exception but reserving the right to urge same on appeal, then filed an answer.

The exception of no cause of action, being in this case tantamount to an answer, we act on the exception and the answer together, taking defendant's above-mentioned defense as the ground for our present opinion and action. It will be seen by reference to the pleadings, that the ownership and possession of the instrument which Ponson signed is not involved in this controversy. Neither Prestenbach nor Mansur have ever owned or possessed it. The question is as to their rights and liabilities thereon as accommodation indorsers to each other.

Act 64 of 1904, sec. 184, provides:

"Where a note is drawn to the maker's own order, it is not complete, until indorsed by him."

A note drawn to the maker's own order, signed by him but not indorsed, may be transferred, sold, donated, when accompanied by delivery; it may be the object of a contract; there is no doubt about that, proper forms being used for the purpose. But such an instrument is not a note. In Succession of Dr. Eugene Rabasse, 49 La. Ann. 1405, 22 So. 767, 773, the Supreme Court had before it an instrument which had been signed by Dr. Rabasse, which read: "One year after date I promise to pay to my own order, the sum of twenty five thousand dollars—"

etc., which he delivered to a Mr. Maury without having indorsed it, and died, as did Ponson, without completing it by his indorsement. Mr. Maury delivered the note to his daughter. Miss Maury, his daughter, brought suit against the estate of Dr. Rabasse to have it recognized and enforced as a note. The court said, Suc. of Rabasse, p. 1424 of 49 La. Ann., 22 So. 767, 775:

"We agree with the District Court that the instrument declared on can be sustained, neither as a note nor as a donation. The instrument by its very terms shows that it was contemplated that an additional act would have to be performed in order to make it, as such, a perfected instrument. Civil Code, Arts. 1905 and 1906. An instrument by which the maker engages to pay a certain sum of money, on the order of the maker, which has never received the indorsement, upon the fact of which indorsement alone, a promise of payment has been made, is incomplete and in that condition could not, as a note, be enforced against the maker.

"Delivery by the maker to a particular person, even though accompanied by words indicative of a gift or donation of the same, does not stand in lieu of, is not a substitute for, nor is it the equivalent of an indorsement. The situation does not correspond at all with that of the delivery of a note, by the person to whose order it was payable to a third person, accompanied by words of assignment, but without indorsement. In the one case there would be a verbal assignment of a perfected thing; in the other, of a thing which would pass into the hands of the party who had received it, with something requiring still to be done, to give it existence. While the instrument can not be made available as a note, still less can it be claimed to be enforceable as a donation or gift. At best it can be considered as evidencing a mere promise to give at a future time, upon the condition of a subsequent indorsement by the promissor."

The point which we have in mind to show, by the above decision, is that an instrument, drawn payable to the order of

the maker and signed, but not indorsed by him, is not in fact, nor in law, a note, such as Act 64 of 1904, secs. 60 to 69, relative to the liabilities of parties, provides for and makes accommodation indorsers thereon liable as such to each other. The liability of indorsers to each other was not involved in the case cited, but the reasoning is helpful to the end in view.

The provisions of the law, secs. 60 to 69; 30, 49 and 64, contemplates notes that are complete in the matter of execution.

A complete note may not be negotiable, but still its payment may be protected by indorsers, and in such a case if a second indorser should be compelled to pay it, he would have the right to have the first indorser reimburse him. But if the instrument be not completed by the maker, then the law which makes indorsers liable to each other is not applicable to the situation.

The provision in Section 64 which provides that: "Where a person, not otherwise a party to an instrument, places thereon his signature in blank, before delivery, he is liable as indorser in accordance with the following rules: * * 2nd: If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer," has reference to notes that are complete by the indorsement of the maker.

And Section 68, which provides: "As respects one another, indorsers are liable prima facie in the order in which they indorse," has reference to notes that are complete.

A note drawn to the maker's own order and signed by him but not indorsed, lacks a further act to do on the part of the maker, without which the other parties who wrote their names across the back of it, intending to thereby indorse it as accommodation indorsers, are not liable as indorsers, because the instrument is not a note. And they are not liable under the law of conventional obligations, because they have not received a consideration for their liability.

"An obliation without a cause * * can have no effect." Civil Code, Arts. 1893 et seq.

In Maddox v. Robert, 165 La. 694, 115 So. 905, the note was completed by the maker and in form to be endorsed. The question at issue between Prestenbach and Mansur was not before the court. In Pineland Realty Co. v. Clement, 149 La. 274, 88 So. 818, 819, the question was one of ownership. Such a question is not involved in the present case, and Clement had besides signed an agreement written on the back of the note which obligated him, in a way which does not exist in present case.

The statement made in that case, that, "The law will some times presume that to have been done, which should have been done," is an equitable doctrine; not applicable to Mansur because he has done nothing that requires any further act on his part to prevent him accomplishing an act of injustice as a result of his omission.

In Achee v. Williams, 6 La. App. 316-317, the note was incomplete, for the same reason that the note signed by Ponson is incomplete. But the question in that case was one of ownership; there was no issue

of liability between accommodation indors-ers, as in the present case.

In Bank of St. Martinville v. Duchamp, 6 La. App. 562, the promise of Louis Duchamp was like that of Ponson, and he had died, as did Ponson, without having indorsed the note. His heirs were sought to be held as indorsers, but this court held that his heirs were not liable as such, because their father had never indorsed the note.

Our opinion and decree in the Duchamp case is an authority for our holding in the present case.

If the rights and liabilities of accommodation indorsers on a note, drawn payable to the order of a maker and signed, but not indorsed by him, be regarded as between themselves, the same as if the maker had completed the note by his indorsement, our former opinion and decree is correct. But we now hold that the rights and liabilities of accommodation indorsers do not exist as between Prestenbach and Mansur, under the Negotiable Instrument Law, because the instrument under which the liability is claimed in this case, is incomplete, to the extent that it is not a note. And no liability as indorser on the part of Mansur to Prestenbach exists under our law on the subject of contracts, because Mansur has received no consideration for such a liability.

For these reasons our former opinion herein, modified so as to harmonize with our present conclusions and our former decree, is now reinstated and made the final opinion and decree of this court.