## CALHOUN v. DAVID BURK CO., Inc.*

### No. 4716.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

George Wesley Smith, of Rayville, for appellant.

W. D. Cotton, of Rayville, for appellee.

TALIAFERRO, Judge.

David Burk, a resident of Richland parish, La., was indebted unto plaintiff, Dr. John C. Calhoun, of same residence, for professional services rendered members of his family in an amount in excess of $1,200. Plaintiff was pressing for a settlement of the account, and, in order to satisfy him and avert a suit, Burk delivered to plaintiff as collateral security to the account, eight notes of $100 each, of the David Burk Company, Inc., secured by mortgage on the company's real estate in Richland parish. This suit was brought by Dr. Calhoun to foreclose the mortgage by ordinary process. He alleges himself to be the bona fide holder and owner of said notes and that he acquired them for value and before maturity.

Defendant, maker of the notes, defends the suit and resists the demands of plaintiff on the following grounds:

That when said notes and mortgage securing payment thereof were executed and delivered to plaintiff, David Burk Company, Inc., there was not due to him any amount on any account; that if David Burk, its president, was authorized to execute said notes and mortgage, he was not authorized to assign, pledge, or deliver them to secure or pay his individual obligations, and that his acts in attempting to do so were ultra vires and not binding on the defendant; that if authorized to execute the notes and mortgage, he could not legally negotiate same except for the benefit of the company; that as defendant was created for the restricted purpose of carrying on a general farming, sawmill, and mercantile business, as disclosed by its charter, it has no power to become indorser, guarantor, or surety for another for a consideration or gratuitously, and any attempt by it or its officers to do so is ultra vires of its powers and not binding on it.

It further alleges:

"Defendant avers that this plaintiff, John C. Calhoun well knew all the facts recited in this answer and that he in order to secure a personal debt or to collect the same conspired with David Burk, president of this corporation, to perpetrate a legal fraud upon this corporation by illegally acquiring the property of this corporation."

Defendant further avers that it received no benefit from plaintiff in this transaction, nor any consideration whatever for the negotiation of the notes sued upon, and specially denies that plaintiff received said notes in good faith and for a valuable consideration.

before maturity. The prayer is that this suit be dismissed at plaintiff's cost and, in reconvention, that the notes sued on be ordered canceled, annulled, and erased from the mortgage records of Richland parish.

From a judgment for plaintiff, as prayed for, defendant appealed.

 The facts of the case are not in dispute. Defendant is a private corporation. Its stock, excepting two shares, is owned by its president, David Burk. As alleged, it cannot legally indorse commercial paper for accommodation nor become surety for any one. By formal resolution, its president was authorized to sign the notes and execute the mortgage in question, and sell or pledge same. The inference, of course, is obvious that this, if done at all, should be done for the account of the defendant, the mortgagor. The notes were payable to the maker's own order, and the mortgage declares that they are indorsed in blank, but such is not the case. They were delivered to plaintiff without such indorsement. However, this omission does not affect the transfer if otherwise legal and valid. Pineland Realty Co. v. Clements, 149 La. 274, 88 So. 818; Maddox v. Robbert. 165 La. 699, 115 So. 905; Achee v. Williams, 6 La. App. 316; Scott v. McDougall, 14 La. Ann. 309; Griffin v. Dyson & Cowan, 15 La. Ann. 487; Hughes v. Harrison, 2 La. 89.

██ In view of the fact that defendant could not lawfully issue notes and mortgage its own property to pay a debt other than its own, and since plaintiff acquired the notes before they matured, to hold that he is the owner thereof and entitled to enforce them against defendant, it must appear and be established:

That he acquired same in good faith and for value, and that when they were negotiated to him, he had no notice of any infirmity in the instruments or defects in the title of Burk who negotiated them to him. Negotiable Instruments Law (Act No. 64 of 1904) § 52.

 Plaintiff knew Burk was the president and a stockholder in defendant corporation. The notes and the mortgage are signed by Burk as president. Plaintiff was represented by counsel in the transaction with Burk when he acquired the secured notes as collateral to the open account about to be sued on. He says his counsel examined all the papers before he accepted the notes. Plaintiff parted with nothing of value to obtain the notes, beyond abandoning the purpose to sue Burk on the account. The out-standing facts were of such nature, and so patent, as to put any one on guard concerning Burk's title to the notes and his right to negotiate them for his personal account. It is well settled that when a person deals with another in a fiduciary capacity, he is required to investigate the powers of such person in order to play safe, otherwise he acts at his own risk and peril. When these notes were tendered by Burk to plaintiff as security for his account, there was sufficient information disclosed on their face to put him on guard, and if the mortgage and resolution of defendant's board of directors, attached thereto, had also been examined, as they doubtless were, these would have brought home to him the fact that Burk had no right to negotiate the notes for his own convenience and account.

In view of these facts, we hold that plaintiff did not acquire the notes in question in legal good faith, and that he is not a holder thereof in due course, and had knowledge of the defects in the title he acquired thereto.

"Where an officer of a corporation makes its commercial paper payable to his own order, signs it as such officer, and transfers it in payment on an individual debt, it is held that the transferee is not a bona fide purchaser thereof without notice, since the facts appearing on the face of the paper are sufficient to put him on inquiry as to its ownership." 3 Ruling Case Law, p. 1085, § 291.

"If it is not affirmatively shown that inquiry concerning the authority of an officer of a corporation to apply its paper upon his own debt would have revealed facts sufficient to overcome the prima facie misappropriation, the presumption of bad faith on the part of the taker remains. * * *

"To constitute one a holder of negotiable paper in due course, it must be acquired in a manner entirely free from unlawful bargaining.

"The taking of the paper of a corporation from its president, in partial satisfaction of his personal debt to it, is such bad faith as will prevent one from occupying the position of holder in due course. * * *

"The sale by an officer of a corporation of a note belonging to it, partly in payment of his own debt, is a negotiation in breach of good faith toward the corporation and its creditors, which, under the terms of the Negotiable Instruments Act, makes his title defective. * * *

"The question of the good faith of the holder of commercial paper is generally one of fact for the jury, but where the evidence is

undisputed and conclusive, it is the court's duty to decide the point as matter of law." Fehr v. Lewis Campbell, 288 Pa. 549, 137 A. 113, 52 A. L. R. 506, 507. See, also, Brannan's N. I. L., Verbo "Rights of the Holder," pp. 515, 516; also Tyler v. Bank, 157 La. 249, 102 So. 325.

▮ Plaintiff introduced some testimony and tendered more indicating that the defendant was a "one man" corporation, completely owned, managed, and controlled by its president, David Burk. The lower court ruled correctly by excluding this testimony, when objected to. Plaintiff, having accepted defendant's notes and having sued it thereon as a corporation and affirmatively alleged such to be true, could not, in this case, be heard to assail its corporate existence.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and plaintiff's suit dismissed and his demands rejected, at his costs. It is further adjudged and decreed that the notes in question are the property of defendant, and they are hereby ordered delivered to it, free of the pledge thereof to plaintiff.