HARDY, Judge.
Plaintiff, Thomas A. Glass, alleges in his petition that he is “the holder and owner, for value, before maturity in due course, and without notice of one confession of judgment note signed by Charley Pyles and Defendant, Robert B. Bell, dated May 19, *669 1933, payable to Crichton G>. Ltd., in the sum of One Hundred Thirty and 84/100 Dollars ($130.84), with 8% interest from January 1, 1933, until paid, and 10% attorney’s fees on both principal and interest * * subject to certain credits which are enumerated. The petition refers to the “note” which is annexed thereto and made a part thereof. Defendant interposed pleas of prescription of three, five and ten years, and after trial on the issue of prescription, the Judge of the District Court sustained the plea and dismissed plaintiff’s suit, from which judgment plaintiff has appealed.
In view of the fact that our examination of the record discloses some very serious and very obvious defects in connection with plaintiff’s claim, we below reproduce the face and reverse ot the “note, respectively:
(Front of note)
“$__ 5/19 1933.
We or either of us
For a past due obligation, X. acknowledge that I owe Crichton G> Ltd , or bearer the sum of One Hundred & Thirty & 84/100 Dollars' for value received, with eight (8%) per cent interest from 1/1/33 date until paid, and ten (10%) per cent attorney’s fees on said sum, if necessary to collect same by legal process and all cost. The amount stated in this note is due and I hereby waive citation, time and all legal delays and confess judgment in favor of said Crichton Co Ltd or any legal holder hereof for said amount, interest, cost and attorney’s fees to be incorporated in and form a part of this judgment. ATTEST:
T. A. Glass
Charley Pyles
R. B, Bell ~’
(Reverse of note)
“By Cash 4/1/38 1.00
“ “ 5/24/41 20.00
“ “ 2/23/44 25.00
“ “ 10/22/45 50.00”
It is to be observed that the instrument fails to meet a number of sacramental requirements of a promissory note. First, there is no promise to pay, and the most that can be said of the instrument is that it is an acknowledgment of indebtedness. Second, there is no due date set forth. True, the instrument declares that the amount is due and confesses judgment, but it is exceedingly questionable if these statements can be accepted as conforming to the requirements of a promissory note.
The most casual inspection of the instrument reveals the fact that there is no showing of any right thereto or interest therein on the part of the plaintiff, Thomas A. Glass, nor does plaintiff’s petition cure this omission by any allegation of transfer, negotiation or other act which would serve to substantiate his' right to take action.
The matter has been presented to this Court by counsel for the parties in oral argument and briefs, and it. appears that the instrument has been'treated as a note. We observe that the learned Judge of the District Court in a written opinion made the following pertinent comment: “Plaintiff alleges that he is the holder and owner for value before maturity of the note, but this allegation could not be true, because the note was given for a past due obligation and was due on the date it was given.”
We think the above comment 'disposes of any claim that plaintiff might make as to his right to show by extraneous evidence negotiation of the alleged “note” and his acquisition before maturity.
We are convinced that the instrument sued upon cannot be considered as a note, and, 'for this reason, we find no purpose in discussing the applicability of the presciption of five or. .ten years involving the validity of certain notations of credit above reproduced.
We think the obligation in question can only be considered as an acknowledgment of indebtedness, which, accordingly, occupies the status of an open account and is answerable to the plea of prescription of three years. Since the last noted credit was made on October 22, 1945,'and plaintiff’s suit was filed on May 2, 1949, it is obvious that the obligation has prescribed.
The judgment appealed from is affirmed at appellant’s cost.