MINOS D. MILLER, Jr., Judge pro tem.
Carlos Marcello instituted suit against James V. LaRocca on December 10, 1959, alleging that on or about July 27, 1954, he loaned and advanced to defendant the sum of two thousand ($2,000.00) dollars, in cash, and as evidence of said loan defendant executed what plaintiff alleges to be a promissory note in the principal sum of two thousand ($2,000.00) dollars, dated July 27, 1954, payable on demand to the order of bearer, drawn and subscribed by defendant, bearing interest at the rate of 6% per annum from demand until paid.[1] The note was not endorsed by the maker, and shows on the reverse side only the following notation: “Paid — July 27, 1955— 200.00 on account — Balance of note $1,-800.00 C.J.M.”
*879 Defendant filed an exception of vagueness to plaintiff’s original petition, which exception was maintained. Plaintiff was ordered to amend allegation three of his petition to amplify the allegation with reference to the payment of two hundred ($200.00) dollars allegedly made by defendant on July 25, 1955. Plaintiff then filed a supplemental and amended petition in which he detailed at length the circumstances attending the alleged two hundred dollar payment, which he contends is an acknowledgment of the obligation allegedly due by defendant to plaintiff, the effect of which was to interrupt the tolling of prescription of five years.
Defendant thereafter filed an exception of no cause of action, citing as authority therefor the cases of Bank of St. Martinville v. Duchamp, 6 La.App. 562, and Prestenbach v. Mansur, 14 La.App. 429, 129 So. 445. In the Duchamp case the maker died after signing a note payable to “myself”, but not endorsed. The court cited section 184 of Act 64 of 1904 (now LSA-R.S. 7:184) which provided “where a note is drawn to the maker’s own order, it is not complete until endorsed by him” and held:
“When, therefore, the law in specific terms, declares that a note is incomplete, it is only logical to hold that it is no note at all, and that no liability can arise thereunder.”
In the Prestenbach case, the maker died after signing a note payable to “myself”, but not endorsed. The suit was between accommodation endorsers and the court held:
“A note drawn to the maker’s own order and signed by him, but not indorsed, lacks a further act to do on the part of the maker, without which the other parties who wrote their names cross the back of it, intending to thereby indorse it as accommodation indors-ers, are not liable as indorsers, because ■ the instrument is not a note.”
In the instant case, the exception “that ■ plaintiff’s petition fails to set forth and allege a cause or right of action against your exceptor” was overruled by the learned trial judge for the reasons assigned in the case of Armato v. Ross, La.App., 170 So. 400. There, defendants contended that the instrument sued on was not a negotiable promissory note since it was drawn to the maker’s own order and not endorsed by him. Maker died after making the note payable to “myself" and without endorsing said note. The court cited with approval the case of Achee v. Williams, 6 La.App. 316, 319 which held:
“While it is true that a note made payable to the maker’s- order is not complete as a negotiable instrument in the hands of a third person without the maker’s endorsement, such a note is not a nullity but is good in equity against the maker where it is shown that the note was given for a valuable consideration and was delivered by the maker to his creditor in accordance with the terms of the contract in connection with which the note was executed. Such a note is not a negotiable instrument until endorsed by the maker, but the maker may transfer it in such manner as to make it enforceable against him in the hands of a transferee for value.”
Following the overruling of defendant’s exception of no cause and no right of action for the reasons hereinabove discussed defendant filed an exception of prescription of three and five years in bar to plaintiff’s recovery of the money allegedly loaned by plaintiff to defendant. There was no evidence presented on the trial of ■ the- exception. The learned trial judge .maintained the plea of three years prescription, and- dismissed plaintiff’s suit at .his costs. In maintaining the plea, the distinguished trial judge-held that the suit was not on a promissory note, but was one • for money loaned, and therefore the claim prescribed in three years, citing LSA- *880 C.C. Article 3538, Glass v. Bell, La.App., 46 So.2d 668.
In the Glass case, the court sustained a plea of prescription of three years, declaring that an instrument signed by the defendant was not a note, stating:
“It is to be observed that the instrument fails to meet a number of sacramental requirements of a promissory note. First, there is no promise to pay, and the most that can be said of the instrument is that it is an acknowledgment of indebtedness. Second, there is no due date set forth.”
In our opinion, the prescriptive period here applicable is the five year period provided for in LSA-C.C. Article 3540, which reads:
“Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable.”
This article provides that a promissory note zvhether negotiable or otherwise, is prescribed after five years. Needless to say, the Negotiable Instrument Law applies only to negotiable instruments. LSA-R.S. 7:184, relied on by the decisions which hold invalid a note payable to the order of “myself” and not endorsed, is concerned only with negotiable instruments. We are not here concerned with the negotiability of the promissory note made by the defendant. Here the note is allegedly held by the party to whom the defendant delivered it for value received. The promissory note which appears at Footnote 1 contains a promise to pay on demand a sum certain. It contains all of the essentials of a negotiable promissory note except that it was not endorsed by the maker. It is for that reason non-negotiable. However, it is none the less a promissory note as referred to in LSA-C.C. 3540. To relegate the instrument to the status of a mere evidence of debt would disregard the expressed intent of the parties.
We distinguish the Glass case for the reason that there the instrument failed to meet the requirements that a note (1) contain a promise to pay and (2) be due on a certain date, whereas the instant note is complete in every particular except that it was not negotiable because it was not endorsed by the maker. The Duchamp case, supra; Prestenbach case, supra; Armato case, supra, and Achee case, supra, did not involve questions of prescription, nor did the respective opinions discuss the question of whether or not any of the questioned instruments should be recognized as a non-negotiable promissory note. The opinions show only a consideration of the negotiable instrument law which clearly requires that a note payable to “myself” must be endorsed by the maker in order to qualify as a negotiable promissory note.
According to the pleadings, the five year prescriptive period did not run for 'the reason that the partial payment of the note on July 27, 1955 amounted to an acknowledgment of the indebtedness and interrupted the running of prescription. Rutledge v. Dodson, La.App., 194 So. 113.
For these reasons it is ordered, adjudged, and decreed that the judgment maintaining the exception of prescription is annulled and set aside, and the case is remanded to the Civil District Court for further proceedings as provided by law; costs to await final judgment.
Judgment annulled, case remanded.

. Following is an exact copy of the note:
Jeffaraon Parish "ON DEMAND" and all of vs, in solido, promise to pay to the order oj "MYSELF* La.,_£uJY .?7_>_/». J5*t_ date, ¡or value received, I, or we, JJQ ®e5.an|i , 2,000.00 TtfO THOUSAND AND NO/lOO vrfth tr.toreirt at rata of.. £í-per cent per aumam, from_-until paid, not paid fct lta maturity and 1 a placed in the hands of on nttomoy-at-Law for collection, or is sued on, ten per ctat amount oí both principal end interest as attorney's fees. _DOLLARS event till* not? is additions! on the The endorsers and sureties severally valve presentment for payment, demand, protest, notice of protest, and notice of non payment and consent to any and all extension* of payment «rlthout notice. ~