193 So. 713

**BANK OF BATON ROUGE v. HENDRIX et al.**

No. 34890.

Jan. 9, 1940.

William A. Benton, in pro. per.

Laycock & Moyse, of Baton Rouge, for appellee Joseph Gebelin.

G. Caldwell Herget, of Baton Rouge, for appellee Seid W. Hendrix.

PONDER, Justice.

J. S. Brock, State Bank Commissioner, and W. C. Evans, Special Agent, on behalf of the Bank of Baton Rouge, in Liquidation, instituted suit against W. A. Benton, Seid Hendrix and Joseph Gebelin on three promissory notes calling for $350, $210 and $2,500, with interest and attorneys' fees. From the plaintiff's petition it appears that the three notes were also signed by the Baton Rouge Sanitary Supply Service and one J. C. Miller as makers with the three defendants herein. The Baton Rouge Sanitary Supply Service was a trade-name under which the defendants were doing business and not incorporated. The petition alleged that John C. Miller had been adjudged bankrupt and had been discharged from the obligations. W. A. Benton, one of the defendants, answered the petition

wherein he admitted signing the notes as a maker but alleged that he was an accommodation maker because he had received no part of the consideration and as between the makers or endorsers of the promissory notes they are liable to each other in the order in which they signed them unless a contrary agreement had been made at the time the notes were executed. He also alleged that no such contrary agreement was made and that he had signed all of the notes after the other makers had signed them. He further alleged that he is entitled to be reimbursed by the other makers of the notes for such amount as he may be required to pay. In his prayer he sought to call the other makers, Seid Hendrix and Joseph Gebelin, in warranty. The other makers, Seid Hendrix and Joseph Gebelin, interposed exceptions of no cause and no right of action to the call in warranty. The lower court sustained the exceptions and dismissed the call in warranty. The defendant, W. A. Benton, appealed. Since the appeal was lodged in this Court, W. A. Benton died and his testamentary executor, Fred G. Benton, has been made party to the suit.

The executor filed a memorandum in this Court in lieu of a formal brief, the pertinent part which reads as follows, viz:

"Appearer believes that the call in warranty in this case is improper as the obligation of Joseph Gebelin who was called in warranty is that of a primary and direct obligor, as between plaintiff and defendants. In the lower Court defendant, W. A. Benton, relied upon the cases of Prestenbach v. Mansur, 14 La.App. 429, 125 So. 310, 129 So. 445, and Farmers' & Merchants' Bank v. Davies, 144 La. 532, 543, 80 So. 713. Appearer does not feel that as executor he has authority to withdraw this appeal or to abandon the same. For these reasons he cites the cases relied upon by the deceased defendant and leaves the matter to the discretion of this Honorable Court.

"Wherefore appearer prays that he be permitted to file this memorandum directed to the Court in lieu of an oral argument or a formal brief, and prays for such judgment as this Court may see fit and determine."

The cases of Prestenbach v. Mansur, supra, and Farmers' & Merchants' Bank v. Davies, supra, relied upon by the defendant in the lower court, involves solely the order of liability of endorsers and does not touch on the order of liability among makers.

Under the provisions of Section 29 of Act No. 64 of 1904, an accommodation maker of a promissory note is primarily liable to the same extent as a maker who receives value. Joseph Gebelin and Seid Hendrix who is sought to be called in warranty are primary and direct obligors to the plaintiff and were liable in solido with the defendant W. A. Benton. The call in warranty could not be based on Article 379 of the Code of Practice because there is no contract of warranty alleged and there is no statutory provision cited or that we are aware of upon which the call in warranty could be predicated. Under the doctrine laid down in Muntz v. Algiers & G. R. Co., 114 La. 437, 38 So. 410; the basis of the right to call in warranty under

the provisions of Article 379 of the Code of Practice must be a contract of warranty between such defendant and the person or persons so called in. Under the doctrine laid down in the case of H. W. Bond & Bro. v. City of New Orleans, 186 La. 60, 171 So. 572, a call in warranty under Article 379 of the Code of Practice must be based on a contract of warranty; otherwise, the call in warranty must be based on some statutory provision. There is no contract of warranty alleged in the defendant's answer and no statutory provision that gives an accommodation maker or any maker of a promissory note the right to call in warranty the other makers. No case has been cited involving the question raised herein, yet this Court has held that a prior endorser cannot be called to defend a suit, Lanusse v. Massicot, 3 Mart., O.S., 261, wherein the Court stated:

"As to the kind of action of guarantee to which the appellant has thought fit to resort, viz., that of calling his prior endorsers to defend the suit brought against him by the holder of the notes, and the effect of which, he contends, must be to make those endorsers liable at all events, whether a demand of payment has been made or not, it appears to this Court a mode unknown to our laws. Nor is it to be found in any of the laws which they have been able to consult—not even in the French Code de Commerce. What is called there the action of guarantee, in matters of bills of exchange and promissory notes, is nothing but what is expressed in our own laws, viz., the right which an endorser has to be reimbursed by his prior endorsers.

'The holder of a bill of exchange protested for non-payment,' says the French Code, 'may exercise his action of guarantee,' &c. 'The same faculty belongs to any of the endorsers, with regard to the drawer, and any of the endorsers that are before him.' Is this faculty that of calling the prior endorsers to defend the suit which may be brought against the party entitled to the action of guarantee? No: for the holder, who is sued by nobody, has the same action. It is, therefore, nothing more than the right of calling upon the preceding endorsers to be paid, and indemnified. It is a consequence of the principle that every party, by transferring a bill of exchange or note, by endorsement, is considered as warranting that it shall be paid, and binding himself to pay it in case it should be dishonored. The ordinance of Bilbao, in different words, establishes the same principle, chap. 13, art. 22:

" 'When any of the endorsers has paid the amount of a bill of exchange, he has his recourse against the prior endorsers, and may exercise it against all or any of them, in solidum,' &c.

"Thus far our laws go; and thus do they agree on this subject with the general law of commerce, as understood in other countries. But, to suppose that when an endorser is sued by the holder of a note, he is not bound to defend himself, but has a right to call his prior endorsers to defend him; and that, should he be afterwards condemned for want of a defence, the prior endorsers will be liable, even though they should be able to prove their previous discharge, in consequence of a

neglect to demand payment of the maker of the note, is a doctrine which, to this Court, appears to be as repugnant to the laws of reason as it is to the positive laws of commercial countries, and which would produce, in practice, an endless source of litigation and confusion.

"Let it be further observed, that, in this particular case, even this kind of recourse has not been regularly exercised. The appellant has called his warrantors, when it was too late for them to undertake his defence. Judgment was rendered against him, at the suit of the holder of the notes, five days before the time allowed to the appellees to answer; and it is in vain to say that the delay within which a new trial may be demanded was not elapsed, for new trials are granted only in cases provided by law, and are not to be relied on as a matter of course.

"If, therefore, the appellant had no other ground to go upon than this kind of warranty, we are of opinion that his action cannot be maintained."

Section 68 of Act No. 64 of 1904, the Negotiable Instrument Law, reads:

"Sec. 68. As respects one another, indorsers are liable prima facie in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise. Joint payees or joint indorsees who indorse are deemed to indorse jointly and severally."

While this act was passed after the decision of Lanusse v. Massicot et al., supra, yet the same principles were discussed in that case and the decision is as applicable now as it was at the time it was rendered. The Negotiable Instrument Law does not make any material change in this respect. Moreover, since the defendant W. A. Benton admitted liability the parties sought to be called in warranty would be deprived of a defense to the suit, and under the doctrine laid down in Lanusse v. Massicot, supra, if there was no other ground for refusing the call in warranty this would be sufficient.

For the reasons assigned, the judgment is affirmed at appellant's cost.