This is an action in which plaintiff insurance company, as subrogee of its assured, the J. B. Beaird Company, Inc., seeks to recover for damages to a dehydrator in course of transportation by defendant, carrier for the Beaird Company.
Defendants interposed exceptions of no cause or right of action, which were overruled in the lower Court, whereupon defendants answered plaintiff's suit and incorporated therein a call in warranty directed to the Beaird Company.
The Beaird Company made appearance by filing exceptions of no cause or right of action to the call in warranty, which were maintained in the District Court, from which judgment defendants prosecute this appeal.
The sole question before this Court is the correctness, vel non, of the judgment below which maintained the exceptions and dismissed the Beaird Company from the call in warranty.
Plaintiff's petition alleges that defendant, a commercial partnership and its several partners, engaged to transport a machine, described as being a D-700 Beaird Challenger Dehydrator, for the J. B. Beaird Company from its plant in Shreveport to *Page 380 
Lake Village, Arkansas; that on or about the 25th day of October, 1946, defendant's truck, upon which the dehydrator had been loaded, was overturned, with resulting damage in the total sum of $1,136.25; that the accident was due to the negligence of defendant's employee, the driver of the truck; that plaintiff paid the amount set forth, under the terms of the policy of insurance issued by plaintiff, to the Beaird Company, receiving in consideration therefor a subrogation from the Beaird Company as against the parties responsible for the damages.
After disposition of preliminary pleadings, defendants answered plaintiff's petition by setting up a general denial and then affirmatively alleging an agreement between the Beaird Company as shipper and the defendant as carrier, under the terms of which the shipper obligated itself to procure insurance which would protect both the shipper and its carrier against loss by reason of damage to the dehydrator. The effect of defendants' pleading, and one of the purposes as therein set forth, would be to rewrite the policy of insurance issued by plaintiff to the carrier to the extent of including defendant as an assured thereunder.
The exceptions on behalf of the Beaird Company are based on the contentions that, first, defendant's attempt to include itself as an assured under the policy of insurance issued by plaintiff for the protection of the Beaird Company, would have the effect of voiding the policy; and, second, that there was no contract of warranty as between the Beaird Company and defendant.
The first contention is predicated upon the proposition that the bill of lading, representing the contract between shipper and carrier, contained the following provision:
"Any carrier or party liable on account of loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance."
while the policy of insurance carried a specific provision to the effect that the insurance therein provided should not enure directly or indirectly to the benefit of the carrier or other bailee by stipulation in the bill of lading or otherwise on penalty of avoidance of the policy.
The point which is denominated by the shipper as its second ground of attack upon defendants' call in warranty urges Articles 378 and 379 of the Code of Practice in support of the argument that no contract of warranty actually existed. The articles referred to read as follows:
"378. Definition — Warrantor. — The obligation which one contracts to defend another in some action which may be instituted against him is termed warranty. The one who has contracted this obligation is called the warrantor."
"379. Kinds defined. — Warranty may be of two kinds, real or personal.
"Real warranty is that which arises in real or hypothecary actions; as when a purchaser is sued in eviction of an immovable property which has been sold to him.
"Personal warranty is that which takes place in personal actions; it arises from the obligations which one has contracted to pay the whole or a part of a debt due by another to a third person."
It is obvious that if the shipper's second point as above stated is tenable and no contract of warranty exists, the need for consideration of the first point is eliminated. Inasmuch as we have concluded that this, indeed, is the case, we pretermit a discussion of the first ground of attack and proceed with a consideration of the existence vel non of a contract of warranty.
Careful examination of the bill of lading, as well as the oral agreement which is urged in defendants' answer, in our opinion fails to disclose any contract of warranty as between the defendant carrier and the shipper. There is no obligation set forth under the terms of which the shipper is called to defend an action against the carrier arising from the carrier's tort, nor do we find even the slightest indication of an assumption by the shipper of an obligation to pay anything in the nature of a debt which may be due by its carrier. We point out that there can be no question of debt in the instant case since this action *Page 381 
is a tort proceeding for the recovery of damages to personal property, and until and unless there is judgment against the defendant, certainly there is no obligation of debt.
In reaching our conclusion with respect to a lack of the assumption of obligation of warranty on behalf of the shipper, exceptor herein, we have been careful to give unusual consideration to the argument advanced on behalf of defendants, orally and in brief, by their learned counsel. It is urged that the jurisprudence construing Article 379 of the Code of Practice has changed over the course of the past century to such extent that the later decisions of our Supreme Court liberally construe the provisions of Article 379 of the Code of Practice to the end that "all matters in anywise involving warranty may be brought under the provisions of this article and all matters that can be concluded and tried in one suit should be so concluded and tried."
In support of this assertion counsel particularly cites Muntz v. Algiers G. Ry. Co., 114 La. 437, 38 So. 410, and Bennett v. Weinberger, 160 La. 1001, 107 So. 780.
We have diligently studied the cited cases and are constrained to believe that their intent and import have been misconstrued by defendants' learned counsel.
The basis for the call in warranty in the Muntz case was a contract of lease which contained a specific stipulation by which a lessee bound himself to assume all the obligations of the lessor, Algiers Gretna Railway Company, under its franchise. The defense relied upon two propositions, (1) that tort feasors are not the warrantors of each other, and (2) that there was no privity between plaintiff and defendant in the main cause and the alleged warrantor.
We do not perceive how the facts of the cited case, nor the points involved in the defense to the call in warranty, as above stated, have any analogy to or bearing upon the issues presented in the instant case. While it is true that there is some argument by counsel for both parties herein, with respect to the question of "privity of contract," we do not find that such point is here at issue.
The Bennett case involved an action by plaintiff as lessee against the defendant lessor claiming damages arising from the failure of a prior tenant to relinquish the premises to plaintiff. The warrantors defended on the grounds (1) that there was no privity of contract between the plaintiff and the warrantors, and (2) that warrantor's lease from defendants was reconducted, by reason of which fact they were justified in retaining possession. Again we observe that there is no analogy of fact nor point of law which would serve to render the cited case applicable.
It is our view that the obligations of the shipper in this case, if any, result from purely contractual stipulations as between the shipper and its carrier, the defendant. If defendants have any rights against the Beaird Company as its shipper, they are rights which have arisen independently of the rights which are here attempted to be asserted by this plaintiff against the defendant carrier. We emphatically disagree with defendants' position that all matters which are susceptible of trial and conclusion in one suit shall be so tried and concluded. While it is quite true that our Courts have gone far in their commendable efforts to prevent a multiplicity of actions, we find no ground whatsoever for concluding that every contractual provision between parties can be engrafted into a suit against one of them under the guise of warranty.
Since none of the elements of warranty, as defined and set forth in Articles 378 and 379 of the Code of Practice appear to us to be present in this case, we can only conclude that the exceptions to the call in warranty were properly maintained.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 382