44 So.2d 388 (1950)
GIROUARD et al.
v.
AGATE.
No. 3185.
Court of Appeal of Louisiana, First Circuit.
January 31, 1950.
A. Wilmot Dalferes, Lafayette, for appellants.
*389 Mouton & Mouton, Lafayette, for appellee.
ELLIS, Judge.
The plaintiffs in the main suit are seeking damages because of injuries received by their brother which caused his death when he allegedly fell through an elevator shaft in a building owned by the defendant Agate and under lease to Bernard LeBlanc, who in turn had subleased the upper floor of the building to Parkerson-Dupuis, Inc. for a temporary office.
By way of answer to the suit the defendant prayed that Bernard LeBlanc be called in warranty to defend the suit and for judgment against him for whatever amount be rendered against the defendant. To this call in warranty Bernard LeBlanc filed an exception of no cause or right of action. On the exception of no right of action evidence was taken, and after due hearing the trial court rendered judgment maintaining the exceptions of no right and of no cause of action to the call in warranty.
From this adverse ruling, the defendant has taken this appeal. Both counsel have filed quite extensive briefs, however, the defendant is basing his call in warranty upon an alleged violation by LeBlanc of the provisions of Articles 2710 and 2711 of the Civil Code. To put it as stated in defendant's brief, this case "involves a failure of the lessee to carry out the obligations under the plain terms and conditions of Articles 2710 and 2711, C. C." He does not contend that his call is based upon the Code of Practice, Articles 378 or 379. An examination of the contract of lease entered into between the defendant and Le Blanc fails to disclose any contract of warranty or any assumption of responsibility for the condition of the premises under the provisions of Act No. 174 of 1932. There is no obligation set forth in the lease whereby LeBlanc is called to defend an action against Agate arising from his failure to keep the building in proper repair, nor does the contract contain any assumption by LeBlanc of an obligation to pay anything in the nature of a debt which might be due by the lessor, Agate, which, of course, could not exist in this case as this is an action in tort for the recovery of damages. Therefore, if the call in warranty is not based on a contract of warranty under Article 379 of the Code of Practice, it must be based on some statutory provision. See Bank of Baton Rouge v. Hendrix et al., 194 La. 478, 193 So. 713.
As above stated, it is contended by the defendant that he is entitled to call LeBlanc under Articles 2710 and 2711 of the Revised Civil Code. Article 2710 reads as follows:
"The lessee is bound:
"1. To enjoy the thing leased as a good administrator, according to the use for which it was intended by the lease.
"2. To pay the rent at the terms agreed on."
Article 2711 states:
"If the lessee makes another use of the thing than that for which it was intended, and if any loss is thereby sustained by the lessor the latter may obtain the dissolution of the lease."
"The lessee, in that case, shall be bound to pay the rent, until the thing is again leased out; and the lessee is also liable for all the losses which the owner may have sustained through his misconduct."
It is defendant-lessor's contention that the lessee LeBlanc, having made other use of the building other than that for which it was intended, is, therefore, liable to the defendant for any loss which he might suffer in this suit. The building for many years had been used as a garage and the second floor had been used as a storage and repair shop. There was a freight elevator in this building and it is alleged that on the night of the accident LeBlanc and Parkerson-Dupuis, Inc. had employed a night watchman who, on numerous occasions, was assisted by plaintiffs' brother, and that on March 3, 1948 plaintiffs' brother went into the defendant's building and up to the second floor and accidentally fell through an opening in the elevator shaft which opening, it is alleged, was caused by prior removal of a large beam which was *390 formerly laid on the floor level between the west wall of the building and the elevator platform. For the purpose of the exception it must be assumed that the facts are as stated in the pleadings of the defendant (plaintiff in warranty) rather than as alleged in the petition of plaintiff in the main cause. Muntz v. Algiers & G. Ry. Co., 114 La. 437, 38 So. 410.
The defendant in Article 3 of his answer stated: "Further answering paragraph No. three, defendant avers that, although under the terms and conditions of the lease described in paragraph No. two of plaintiffs' petition, lessee Bernard LeBlanc was given the right and privilege of altering the building as he saw fit, the said lessee Bernard LeBlanc, without making any alterations, sub-let the entire second floor of defendant's building which had been used for approximately thirty years as an automobile repair shop to the Parkerson-Dupuis Insurance Agency for the purpose of conducting a general insurance agency; that it was not intended by defendant, lessor, that the second story of the garage building was to be used as an office building, nor was defendant's lessee using or causing to be used, the second story of the garage building according to the use intended by the lease."
In Articles 25 and 26 defendant set forth:
"Further answering defendant avers that on the 1st day of July 1947 by written lease, defendant leased his two story garage building to Bernard LeBlanc which said lease was duly filed in the Clerk's office for the Parish of Lafayette, Louisiana as Act No. 202560 and recorded in Book Q-17 at page 106; that under the terms of said lease, lessee accepted said garage building in its then condition and as a condition of the lease agreed to make all alterations necessary to convert said garage building to any other suitable use; that said lessee, LeBlanc, did make certain alterations to convert certain portions of defendant's building to other uses than that which said building was suited; that Lessee LeBlanc subleased the second floor of the said garage building to Parkerson-Dupuis Insurance Agency to be used as a general insurance office, without the knowledge or consent of defendant and without making any alterations to transform the second floor from an automobile repair shop to an office building; that the use made of the property by lessee in causing the second floor to be subleased for an office was not the use intended by lessor at the time of making the said lease;"
"Further answering defendant avers that under the provisions of said lease agreement and the provisions of existing law defendant is entitled to call said Bernard LeBlanc in warranty to defend this action for defendant and in the event that defendant should be held liable herein toward the plaintiffs for any reason or for any sum whatever, defendant is entitled to have, on his call in warranty, a judgment for and against said Bernard LeBlanc for whatever amount, if any, with interest in all other costs that plaintiffs herein shall have or recover against this defendant."
The above are the main allegations of defendant's answer dealing with the call in warranty or setting forth the grounds upon which the defendant is basing his call in warranty.
There is nothing unusual about the lease between the defendant and LeBlanc of July 1, 1947. It is simply a five year lease of the brick building in the City of Lafayette with the right of the lessee to sublease the entire property or any portion thereof and the right to make any alterations to the building lessee might see fit, provided he returned the building to the lessor at the termination of the lease in its present condition, ordinary wear and tear excepted. There is nothing in the lease changing any of the obligations of either party under the law as may be done under Act No. 174 of the Legislature for the year 1932.
The defendant intended to operate a Goodrich store and he fixed part of the building for that purpose. He then rented another portion of the building for a coffee shop, and when the offices of Parkerson-Dupuis were burned, he rented the second floor temporarily to them and it was during their occupancy that plaintiffs' brother was injured and died as a result thereof. While the defendant in his *391 brief cites Articles 2692 and 2696 of the Civil Code, they are not applicable at all to this case for it has been specifically held in Duplain v. Wiltz, La.App., 194 So. 60, 62, that: "We conclude that while the question before us has been decided both ways a number of times, it is now well settled that a third person cannot rely upon Articles 2692 and 2695 of the Civil Code, since those articles run in favor of the lessee alone. It follows that since plaintiff is not the lessee her suit must be dismissed, consequently, and for the reasons assigned the judgment appealed from is affirmed."
In this case after rehearing was denied, writs were applied for and by the Supreme Court denied.
Under the evidence it was shown that it was generally known when LeBlanc rented the building from the defendant that he intended to use a portion of it for a store. There is nothing in the record to indicate that LeBlanc was to continue to use the building for a garage and repair shop and there is nothing in the lease restricting LeBlanc in the use to which he might have for the building. The lease shows that LeBlanc intended to change the building and was given the right to make any alterations he might see fit and to sublease all of the building or any portion thereof. Also, as pointed out by the trial judge, the owner was well aware of the use to which the building was put, that is, for a store and coffee shop and temporarily for an office for Parkerson-Dupuis Insurance Agency, and at no time made any objection. The property in question was commercial property and the use to which LeBlanc put it and for which it was intended to be used was for commercial purposes.
Furthermore, in order to render LeBlanc liable for misuse of the property under Article 2711 of the Civil Code, the loss to the lessor must result from using the thing for other purposes than for which it was intended. Mere misuse would not impose liability. However, we do not believe any misuse of the building has been proven and certainly no connection between the use of the building and the loss claimed.
Counsel for defendant in his brief stated that:
"The trial court in reaching its decision and sustaining the exception to the call in warranty cited as authority therefor Great American Insurance Company v. Gulf States Truck Lines, et al., [La.App.] 37 So.2d 379; Bank of Baton Rouge v. Hendrix et al., 194 La. 478, 193 So. 713; Muntz (incorrectly referred to as `Guaranty') v. Algiers & G. Ry. Co., 114 La. 437, 38 So. 410."
"It is worthy of note that the Court of Appeals, Second Circuit at this late date (October 27, 1948) in effect cited with approval Muntz v. Algiers & G. Ry. Co., 114 La. 437, 38 So. 410 and Bennett v. Weinberger, 160 La. 1001, 107 So. 780."
"We refer to the two above cited cases for the reason that we hold these cases to be controlling in support of our position." (Emphasis ours.)
The Muntz case, supra, was one in which the basis for the call in warranty was the contract of lease which contained a specific stipulation by which a lessee bound himself to assume all the obligations of the lessor. In the instant case, there is no such stipulation nor any assumptions of any obligations of the lessor by defendant. As stated, it is true that LeBlanc was the lessor of the Parkerson-Dupuis Insurance Agency but the plaintiffs, under the law previously cited, Duplain v. Wiltz, could not have sued LeBlanc. Articles 2692-2695 only apply to the lessee and not a third party.
Of the case of Bennett v. Weinberger, supra, counsel in his brief stated: "It is our contention that the instant case is controlled by the jurisprudence enunciated in Bennett v. Weinberger, [160 La. 1001], 107 So. 780." In this case the lessee actively and openly violated the contract of lease by refusing to release the property at the expiration of the lease and the plaintiff having leased to another, and by reason of the lessee's refusal to surrender the property caused damages to the new lessee which he had to pay. In this case the Court said:
*392 "On the question of the right to call in warranty we are of the opinion that the facts of this case authorize the call."
"It was the refusal of the warrantors to turn the leased premises back to their lessor at the expiration of the lease that caused the defendants to breach their contract with the plaintiff."
"There can be no question, therefore, of the liability of the warrantors to make good whatever amount their conduct caused the defendants to have to pay the plaintiff."
"There can be no good reason given why the warrantors should not be called upon in this suit to respond to that liability."
"While it is true there was no privity of contract between the plaintiff and the warrantors, there was a direct contractual relation existing between the defendants and the warrantors."
In the instant case, under the facts the lessee did not violate any of the obligations imposed upon him under the terms of the lease nor under Articles 2710 and 2711 of the Civil Code.
We are, therefore, of the opinion that the judgment of the District Court is correct and it is hereby affirmed.
ROBERT D. JONES, J., sitting ad hoc.