DORE, Judge.
This is a suit by brothers and sisters to recover damages caused them by the death of their brother, George Girouard, who fell down an elevator shaft, through an opening between the elevator platform and the wall of a building, and was, as a result, fatally injured. The suit is against Ralph H. Agate, the owner of the building in which the elevator was situated'. The petition alleges that one C. J. Gary was employed by Bernard LeBlanc and Parkerson —Dupuis, Inc., the tenants of the building, to maintain a watch of their premises, which included both the first and second 'floors of the said Agate building; that the said Gary was engaged in the business of watching various other business establishments, as well as the one involved herein, and “that the manner of maintaining said watch is determined and exercised according to the plan and method determined by said Gary, without any direct control or supervision of the owner of the premises”, and “that in the discharge of his duties, the said C. J. 'Gary is furnished with keys to the various business establishments, and customarily enters the said premises and' inspects the windows and doors to determine whether or not they are properly closed, latched or locked.”
The .petition then alleges “that on numerous occasions prior to March 3, 1948, George Girouard * * *. assisted Gary in his work, and particularly on his- first round of duty, when he checked the doors and windows of the various establishments *481 which he watched; that the sáid Girouard actually checked windows and doors of said establishment for the said Gary, and with his expressed consent, thereby actually rendering services in connection with the discharge of Gary’s obligation under his contract to maintain watch over the premises.” The petition then specifically alleges that on the evening of March 3, 1948, shortly before 7:00 o’clock, Girouard was assisting Gary in his night watching, and “that in the performance of the work aforesaid, and while rightfully on the premises, Girouard accidently fell through the said open shaft and died several hours later, as a result of said fall; that the opening in the shaft existed as a result of the prior removal of a large beam which was formerly laid on the floor level between. the west wall of the building and the elevator platform, and that the defendant owner of the building was grossly negligent in causing or permitting this opening in the floor and/or in allowing this open shaft to exist in his building; and was further negligent in failing to repair or alter this dangerous condition by the extension or enlargement of the elevator platform so as to close this open trap or pitfall.”
The petition further alleges that the decedent was never married and left no father or mother, and that the petitioners are the brothers and sisters of the deceased, who was 42 years of age and the oldest member of the family, and that there ex-, isted between them, a deep and natural love and affection.
To this petition, the defendant Agate filed an exception of no cause or right of action. The exception was overruled.
Thereafter, defendant Agate filed his answer, in which he denied any negligence on his part, and in which, in the alternative, he pled' contributory negligence on the part of the deceased, George Girouard.
In his answer, he also called Bernard' LeBlanc, his tenant, in warranty, based principally on the allegation that Bernard LeBlanc had the right and privilege of altering the building as he saw fit and that without making any alterations, he sublet the entire second floor of the Agate building, which had been used for approximately 30 years before, as an automobile repair shop, to the Parkerson — Dupuis Insurance Agency, for the purpose of conducting a general insurance agency.
The call in warranty was met with an exception of no cause of action, which was sustained by the trial court. Upon' appeal to this court, the judgment was affirmed. See 44 So.2d 388.
On the trial of the merits, the trial judge rendered judgment in favor of .the defendant, dismissing the suit of plaintiffs at their cost. The plaintiffs have appealed.
We first comment on the exception of no right of action, which has been filed in this court. Plaintiffs’ fight of action for damages resulting' 'from the death of their brother is dependent upon Article 2315. It will be noted from the petition that plaintiffs state that the decedent was never married and left no father or mother, and that they are'his brothers and sisters. However, in order to state a right of action, it was incumbent upon the plaintiffs to negative the existence of children. It is true that they alleged that he was never married, but they do not allege that he did not leave any adopted children. He was a major and could have adopted a child, or children-.
Under ordinary circumstances, the exception would be sustained with the right-granted plaintiffs to amend. However, due to our conclusion that the judgment on the merits is correct, we deem it best that we consider the case on the merits.
On the merits, the plaintiffs base their whole case on Article 670 -and 2322 of the Civil Code, which read as follows:
"[Article] 670. Owner of building— Duty to repair. — Everyone is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that ■ respect. ■ - - .
“[Article] 2322. Building — Damage occasioned by ruin. — The owner of a building is answerable for the damage occa *482 sioned by its ruin, when this is caused by neglect to repair it, or when it is the re-suit of a vice in its original construction, and on the proposition as set forth in their brief, that:
“1. That Agate was the owner of the building.
“2. That the deceased was rightfully or lawfully on the premises at the time of the accident.
“3. ’ That the death of the deceased was occasioned by the defective condition of the owner’s building.”
It is admitted that No. 1 of their contention that Agate was the owner of the building is correct. As for the second point made by plaintiffs that the deceased was rightfully or lawfully on the premises at the time of the accident, we cannot agree. That particular allegation of the petition is the backbone of the whole suit, but there is no testimony to’ sustain the allegation. The plaintiffs contend that Girouard was actually the assistant of Gary, but the testimony of Gary is to the effect that on the night of the accident, he accidently met Girouard, whom he knew well. His pertinent testimony is as follows :
“Q. Mr. Gary, on the night of March 3, 1948 when you met George Girouard at the City Pharmacy had you made arrangement with him the night before or several days before to meet you there at that time to begin any walking around? A. No.
“Q. You met him there just by chance, in other words? A. Yes.
“Q. Now, when you got down to the door leading upstairs to defendant’s building did you turn to Girouard' and ask Gir-ouard to go upstairs with you to' help you close some windows? A. No.
“Q. In other words you opened the door and Girouard just followed walking next to you like he had been doing many times before? A. Yes.
“Q. You never told him that you needed any help upstairs; to come help you close the windows? A. No.”
It seems clear from Gary’s testimony as found by the trial judge "that the decedent was in the building on the night; of the occurrence, without the knowledge, authority, invitation, permission, consent or license of the owner or tenant.” In fact, it appears clear to us that he was merely “killing time” and that his entrance in the building was as an intruder or trespasser, even though not objected to by his friend, Gary.
As to the third contention of the plaintiffs that the death was caused by a defective condition of the owner’s building, again we cannot agree. It is clearly shown that the building in question was constructed as an automobile garage and repair shop and had been used for that purpose for some 30 years. The building, plus the opening next to the wall, wherein was housed the elevator, had been properly con-structd for the use of the building.
Moreover, conceding for the mere sake of argument that the decedent was rightfully or lawfully on the premises and that the buliding was in‘a defective condition due to construction, the opening was clearly visible to one using the elevator if he had been keeping a proper lookout. The place was well lighted'. The deceased, upon stepping and walking on this elevator, should have been placed on guard, and should have taken caution in using it to approach the windows in the rear thereof. It seems to be the accepted fact that he entered the elevator from the east and proceeded to the rear to see about the windows on the west of the elevator, and that in between the elevator floor and these windows, there was this opening of some 14 inches in width, and apparently, it wasn’t even necessary for him to have proceeded all the way to this opening, and it seems unreasonable to believe that a prudent person would have failed' to notice the open shaft.
It is our opinion that no defect which would occasion injury to a prudent person has been proved, and it is our further opinion that the trial judge was correct in his conclusion of fact to the effect that the decedent was guilty of contributory negligence.
For these reasons, the judgment appealed from is affirmed.