| | | |
|---|---|---|
| **LOUISIANA STADIUM &** | * | **NO. 2025-CA-0367** |
| **EXPOSITION DISTRICT** | | |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **BRAZOS INDUSTRIES, LLC,** | | **FOURTH CIRCUIT** |
| **AND GREENSHIELD** | * | |
| **PRODUCTS, LLC** | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

CONSOLIDATED WITH:                    CONSOLIDATED WITH:

BRAZOS INDUSTRIES, LLC                    NO. 2025-CA-0368

VERSUS

LOUISIANA STADIUM & EXPOSITION
DISTRICT

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-01219 C/W 2024-9244, DIVISION "I-5"
Honorable Lori Jupiter, Judge
\* \* \* \* \* \*
**Chief Judge Roland L. Belsome**
\* \* \* \* \* \*

(Court composed of Chief Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Rachael D. Johnson)

Daniel J. Dysart
James Richard Swanson
H. S. Bartlett, III
Carly J. McCleskey
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
        COUNSEL FOR THIRD PARTY PLAINTIFF/APPELLEE

Robert E. Dille
Jamie M. Zanovec
Jonathan L. Brehm
MARON MARVEL BRADLEY ANDERSON & TARDY LLC
201 St. Charles Avenue, Suite 2411
New Orleans, LA 70170

Ashley L. Belleau
Avery E. Autin
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
        COUNSEL FOR THIRD PARTY DEFENDANT/APPELLANT

*REVERSED AND REMANDED*
*December 3, 2025*

In this appeal, a contractor and subcontractor seek reinstatement of their respective claims against the private representative of a public body after the trial court dismissed their claims on exceptions. For reasons set forth below, we reverse the trial court and remand for further proceedings.

*Parties*

Louisiana Stadium and Exhibition District ("LSED") is a political subdivision of the State of Louisiana[1] that is charged with the creation and operation of the Superdome. ASM Global, LLC, ("ASM") is a private venue management company that operates all aspects of the Superdome under the terms and conditions of its contract with LSED. Brazos Industries, LLC ("Brazos") is a contractor that LSED hired to repair and recoat the Superdome roof in June, 1921. The repair contract included a 20-year warranty. Greenshield Products, LLC ("Greenshield") supplied the product that was used to coat the Superdome roof. Greenshield also warranted its product for 20 years. In addition to the repair, Brazos also had a separate contract for cleaning and maintaining the Superdome roof when the repairs were completed.

_____

[1] The LSED was created by La. Const. art. XIV, § 47 of 1921 develop, maintain, and operate the Superdome. The constitutional provision was continued as a statute after the passage of the Louisiana Constitution of 1974.

***Prior procedure***

LSED filed suit against Brazos and Greenshield (collectively, "Appellants") alleging that Appellants failed to honor the Superdome roof warranty and that Brazos breached its contract for maintenance and cleaning. Appellants filed a joint answer and third party demand generally denying that they dishonored their warranty or breached their repair contract. More importantly in this case, Appellants also made claims against Appellees in the form of a third party demand.

ASM filed an exception of no cause of action seeking a dismissal of Appellants' claims for reasons more fully explored below. The trial court granted the exception and dismissed Appellants' claims with prejudice on February 27, 2025. The trial court also denied Appellants the opportunity to amend their pleadings to state a cause of action. Appellants filed this timely appeal from that judgment.

***Standard of review***

On an exception of no cause of action, all well-pled allegations in the petition are accepted as true. *Kinney v. BioDistrict New Orleans*, 23-0611, p. 11 (La. App. 4 Cir. 6/25/24), 398 So. 3d 38, 45. "Appellate courts review rulings on exceptions of no cause of action using the *de novo* standard of review because exceptions of no cause of action present legal questions." *Herigodt v. Louisiana Department of Transportation & Development,* 24-0580, p. 3 (La. App. 4 Cir. 3/7/25), 414 So. 3d 746, 750 (citing *Green v. Garcia-Victor*, 22-0413, p. 5 (La. App. 4 Cir. 9/7/22), 348 So. 3d 799, 802.)

*Discussion*

Appellants third party demand against ASM alleges that ASM: (1) negligently allowed a contractor to damage the Superdome roof in a manner that made it difficult or impossible for Appellants to clean and repair; (2) allowed an unknown person(s) to cut into the roof in order to take samples thereby damaging the roof in contravention of Appellants' roof warranty; (3) intentionally despoiled evidence by preventing Appellants from taking roof samples before the roof was cleared of contaminants that might have assisted Appellants in litigation;[2] and (4) tortiously interfered with Appellants' contracts with LSED. This is a broadly defined and incomplete list of Appellants' stated claims, all of which are claims recognized as a matter of law.

ASM filed a peremptory exception of no cause of action, arguing that Appellants failed to allege a valid third party action because ASM is not Appellants' warrantor, and Appellants failed to allege that ASM is liable to Appellants for all or part of the principal demand.[3] ASM takes the position that it cannot be liable for any part of the principal demand because Appellants only make claims based on negligence and the only damage Appellants allege harmed LSED, not Appellants.

The parties agree that La. C.C.P. art. 1111 is the applicable procedural article regarding third party claims; however the parties disagree on the interpretation of the article. ASM's interpretation of art. 1111 is narrower than the

---

[2] Brazos gave notice of its intention to file its claim and issued two Litigation Hold and Destruction of Evidence letters to LSED.

[3] ASM also argues that the trial court exercised proper discretion in denying Appellants the opportunity to amend. For reasons set forth below, that argument is moot.

intent of the statute, which may be inferred from the legislative comment and the article's explicit language. Art. 1111 provides, in pertinent part, that:

> The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or *who is or may be liable to him for all or part of the principal demand.*
>
> In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. *The third party defendant ... may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066.* (Emphasis added.)

Once a third party demand is filed, the second paragraph of art. 1111 allows the original plaintiff and the third party defendant to make any demand arising out of or connected with the principal demand. It would be strange and possibly absurd for the legislature to have granted to a third party defendant and the original plaintiff a broader right to bring claims than the rule would allow for the third party plaintiff. A proper and fair reading of art. 1111 is that the third party plaintiff is also allowed to make any demand arising out of or connected with the principal demand.

This interpretation of the intent of art. 1111 is bolstered by the Official Revision Comments as follows:

> (a) Probably the most radical change made in Louisiana's procedural law in recent years was effected by La. Act 433 of 1954, discarding the call in warranty and adopting the third party action based largely upon the third party practice of federal procedure. The *call in warranty was always much narrower and much less effective than third party practice,* and its usefulness had been reduced appreciably by the decisions in *Bank of Baton Rouge v. Hendrix, 194 La. 478, 193 So. 713 (1940) and cases cited therein, holding that a defendant cannot call a third party in warranty unless a contract of warranty exists between the defendant and the third party sought to be called in warranty.*

(emphasis added).

4

The comment above makes it clear that art. 1111 "radically" broadens the type of claims that may be brought by the defendant in a principal demand. ASM's argument that a contractual relationship is required to properly state a third party claim is directly rejected as shown by the comment.

In addition to the explicit language and reasonably inferred intent of the legislature, the interests of judicial economy and efficiency of court proceedings are best served by a broad reading of the types of claims that may be addressed as third party demands.

All of Appellants' claims arise out of and are connected to the principal demand by LSED. Appellants' claims are so closely connected to the principal demand that they could have been brought against ASM directly. In addition to the factual connection of Appellants' claims, it is noteworthy that an employee of ASM was appointed to be LSED's on-site facilitator of the work contemplated by the contracts between LSED and Appellants. This appointment puts ASM squarely in the middle of Appellants' claims that LSED and ASM prevented them from performing their contracts.

The broader interpretation of art. 1111 is supported by other parts of the Louisiana Code of Civil Procedure. La. C.C.P. art. 425(A) states that, "A party *shall assert* all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." (Emphasis added.) This article reflects the Code's general preference to reduce multiplicity of litigation in order to increase judicial efficiency. This general philosophy, as enunciated by La. C.C.P. arts. 1111 and 425, suggests that, as often as possible, all claims that arise from the relationships of multiple parties and the performance of a single contract should be brought in the same proceeding.

ASM also argues that it has no contractual obligation to LSED regarding the roofing and therefore it cannot be liable to LSED for all or part of the principal demand. That is inaccurate on its face because Brazos clearly lays out a claim for damage to the roof that was caused by ASM through negligence. It also lays out a claim against ASM for spoliation of evidence that directly relates to the roofing contract and Brazos' ability to perform remedial measures to protect the roof.

The Code of Civil Procedure provides no test to determine who may be liable for all or part of the principal demand, therefore, it falls to the courts to make this determination. For the purposes of this case, the best way to test whether ASM "*is or may be liable to him for all or part of the principal demand*" as required by art. 1111 is to ask whether the original plaintiff could state a cause of action against the third party defendant based on the facts alleged by the third party plaintiff. Applying that test, it is clear that LSED could bring a claim against ASM for allowing a contractor to damage the roof by venting debris onto the roof, delaying or preventing repair of the roof, and arranging for an unknown person to cut into the roof, thereby jeopardizing the roof warranty.

### Conclusion

Based on the broad intent of La. C.C.P. art. 1111 and the code's general favor for judicial efficiency the claims raised by Appellants should be heard together with the claims made by LSED. The claims are so factually and legally intertwined, it would be difficult to do substantial justice to all parties and all claims to hold otherwise. For these reasons, the trial court judgment is reversed and the case is remanded for further proceedings.

*REVERSED AND REMANDED*