LOTTINGER, Judge.
This is a suit on an alleged promissory note secured by Act of Real Mortgage with Vendor’s lien. The petitioner is J. Spencer Burks, and the defendant is Edwina E. Williams. The Lower Court rendered judgment in favor of petitioner and against the defendant in the sum of Fifty-five Thousand, Six Hundred Forty-nine and %o ($55,649.93) Dollars. The defendant has taken this appeal. No appeal nor answer to appeal has been filed by petitioner.
The record discloses that during the month of December, 1957, the petitioner sold the defendant a certain tract of land situated in the Parish of West Baton Rouge for the consideration of Sixty-six Thousand and No/100 ($66,000.00) Dollars. The transaction was evidenced by a purported sale with mortgage showing Six Thousand and No/100 ($6,000.00) Dollars was paid in cash at the time of the sale and the balance was represented by a promissory note payable to “myself” which note was secured by a mortgage and vendor's lien on the property. The said note was not endorsed by defendant. The purported note called for six (6%) per cent per annum interest on the unpaid balance and installment payments of Five Hundred and No/100 ($500.-00) Dollars per month beginning on January 23, 1958, with the exception that the installment due on June 23, 1958, would be Six Thousand Five Hundred and No/100 ($6,500.00) Dollars instead of the usual Five Hundred and No/100 ($500.00) Dollars per month. The note also provided for ten (10%) per cent attorney fees.
Although this action started out as an executory proceeding, it was later converted to an ordinary proceeding. After trial the Lower Court rendered judgment in favor of petitioner and against defendant for the sum of Fifty-five Thousand Six Hundred Forty-nine and 93/ioo ($55,649.93) Dollars. In said judgment the Vendor’s lien is maintained and an exception of ten year prescription filed by the defendant was sustained by the Lower Court to the extent that no interest is due since December 23, 1967, a period of ten years from the date of the purported note, and furthermore that no attorney fees were due. The judgment of the Lower Court decrees that the purported note and mortgage is not a note and mortgage and therefore they are not entitled to any recognition as such.
The purported promissory note and mortgage were dated December 23, 1957. There is filed into the record an instrument listing the payments made by the defendant to petitioner, including principal and interest, which were in the total sum of Thirty-six Thousand Ninety-six and 99ioo $36,096.90) Dollars. Under the holding in Marcello v. LaRocca, La.App., 152 So.2d 878, the Lower Court was correct in holding the promissory note invalid. In that case, the Court in quoting from Succession of Rabasse, 49 La.Ann. 1405, 22 So. 767, said:
“We agree with the district court that the instrument declared on can be sustained neither as a contract to do nor a contract to give, — neither as a note nor as a donation. The instrument, by its very terms, shows that it was contemplated that an additional act would have to be performed in order to make it, as such, a perfected instrument. Civ.Code, arts. 1905, 1906. An instrument by which the maker engages to pay a certain sum of money on the order of the maker, which has never received the indorsement, upon the fact of which indorsement alone a promise of payment had been made, is incomplete, and in that condition coidd not, as a note, be enforced against the maker. Delivery by the maker to a particular person, even though accompanied by words indicative of a gift or donation of the same, does not stand in lieu of, is not a substitution for, nor is it the equivalent of, an in-dorsement. The situation does not correspond at all with that of the delivery by the holder of a note, to whose order it was payable, to a third person, accom *692 panied by words of assignment. In the one case there would be a verbal assignment of a perfected thing; in the other, of a thing which would pass into the hands of the party who had received it, with something requiring still to be done to give it existence.” (Emphasis added)
“We are now of the opinion that the instrument upon which this action is brought is not a promissory note, negotiable or otherwise, within the intent and meaning of Article 3540 of the Civil Code and that the three year prescriptive period for the payment of money lent, Civil Code Article 3538, is applicable and bars recovery by the plaintiff.”
As the mortgage is merely an accessory to the note, we feel that the Lower Court was also correct in holding that the mortgage was invalid and not entitled to recognition. Article 3284 of the Louisiana Civil Code provides:
“The mortgage is accessory to a principal obligation which is designed to strengthen, and of which it is to secure the execution.”
Article 3285 of Louisiana Civil Code further provides:
“Consequently, it is essentially necessary to the existence of a mortgage, that there shall be a principal debt to serve as a foundation for it.
Hence it happens that in all cases where the principal debt is extinguished, the mortgage disappears with it.
Hence also it happens that, when the principal obligation is void, the mortgage is likewise so; this, however, is to be understood with certain restrictions which are established hereafter.”
The situation before us does not appear among the restrictions mentioned in Article 3285 and, therefore, the note and mortgage were both void ab initio.
In U-Finish Homes, Inc. v. Lanzl, La.App., 202 So.2d 339, the Court held a mortgage invalid because of certain discrepancies between the said mortgage and the note allegedly identified therewith. In that case the Court said:
“In my opinion, the privilege arising from the mortgage can be given no recognition in the absence of the mortgage note.”
Furthermore, appellee has not appealed nor has he answered the appeal, and, even if the law and jurisprudence were otherwise, we would be unable to give any recognition whatsoever to the note and mortgage.
Such being the case we feel that the Lower Court erred in allowing interest at the rate of Six (6%) per cent up to December 23, 1967. As there was no promise to pay the note and mortgage, there could be no promise to pay interest.
The defendant further contends that the Lower Court erred in failing to give her a reasonable reduction in the purchase price of the property because of her being deprived of the use of the lounge situated thereon while it was padlocked by the West Baton Rouge authorities. The Lower Court apparently felt that the defendant was not entitled to such pay reduction and had failed to sustain her burden of proving such entitlement in which we concur.
Defendant further alleges error on the part of the Lower Court for failing to find that petitioner had waived and relinquished the payments and interest due for the period of July 1, 1958 through December 31, 1961. Assuming that there was a valid promissory note we feel that the payments during this period would have been suspended but there was certainly no waiver or relinquishment. The question, however, is moot and of no importance whatsoever because the provisions of the purported note were void ab initio and thus the schedule of payments therein given have no legal effect.
Counsel for appellant did not raise in his brief the question of the vendor’s lien and privilege, except to urge pay *693 ment of the debt. Since the brief is totally lacking of any attack on the legal validity of the vendor’s lien it is assumed he feels the Trial Court did not err in recognizing this privilege. The specifications of errors makes no mention of the recognized vendor’s lien and privilege.
Therefore, as the balance due following the purchase was in the sum of Sixty Thousand and No/100 ($60,000.00) Dollars, and payments toward the reduction of same have been made in the sum of Thirty-six Thousand Ninety-six and 904oo ($36,096.90) Dollars, for the above reasons, the judgment of the Lower Court will be amended so as to grant petitioner a judgment against defendant in the sum of Twenty-three Thousand Nine Hundred Three and ^oo ($23,903.10) Dollars, with legal interest thereon from judicial demand until paid, and for all costs of this proceeding. In all other respects the judgment appealed from is affirmed. All costs of this appeal shall be paid by petitioner.
Judgment amended and affirmed.