260 So.2d 642

**J. Spencer BURKS**

v.

**Edwina E. WILLIAMS.**

**No. 51392.**

March 27, 1972.

Rehearings Denied May 1, 1972.

Forrest & Kiefer, Gerard E. Kiefer, Baton Rouge, for plaintiff-appellant-applicant.

Kantrow, Spaht, Weaver & Walter, Carey J. Guglielmo, Baton Rouge, for defendant-respondent.

BARHAM, Justice.

The plaintiff brought executory proceedings seeking the balance due, with stipulated interest and attorney's fees, on a promissory note secured by act of mortgage and vendor's lien. The note, in the original amount of $60,000.00, was made payable to "myself", and though signed by the defendant, was never endorsed. The proceeding was turned into an ordinary suit when the trial court held that the instrument indicating the debt was not a note and that the instrument purporting to be a mortgage was not entitled to recognition as a mortgage securing that debt. The trial court, however, in its last (second amending) judgment cast the defendant for $55,649.93 and recognized and ordered enforcement of the plaintiff's vendor's lien and privilege. The trial court apparently allowed and included in the money award stipulated 6 per cent interest on the debt from the date of the confection of the purported note and mortgage, December 23, 1957, until December 23, 1967, but it struck all interest thereafter when it sustained a plea of prescription.[1]

It was obvious to us from the record that under no construction of the evidence could the $55,649.93 judgment stand if interest terminated December 23, 1967, whether the rate of interest was 5 per cent or 6 per cent. The most that could be due as principal and interest was $49,892.95 under stipulated 6 per cent interest to De-

1. The first and second judgments awarded plaintiff $59,455.48, which apparently included principal and stipulated interest (6 per cent) from due date to the date of trial, and further awarded stipulated interest on that amount from trial date until paid, plus attorney's fees. The last amending judgment in the amount of $55,649.93 was apparently an award of principal due plus *legal* interest (5 per cent) from due date until 1967. While the trial court recognized the vendor's lien and privilege, it had at this point decided that the note and the security device, the mortgage, were invalid, and that stipulated interest and attorney's fees could not be awarded. The reduction of the judgment by computation at a 5 per cent rate of interest rather than at a 6 per cent rate seemingly accounts for the difference in the $59,455.48 award in the first two judgments and the $55,649.93 award in the last judgment.

cember 23, 1967, and $45,363.77 under the then applicable legal rate of 5 per cent interest.[2]

At this court's request for additional briefs to explain the discrepancy in the trial court's judgment awards, which was also carried into the appellate court's opinion, the plaintiff, who is adversely affected by our noting of the discrepancy, has admitted that the maximum award he can obtain as principal and interest from 1957 to 1967 is $49,892.95 if the award includes stipulated interest and $45,363.77 if it includes legal interest.

The defendant, who gains several thousand dollars under either stipulation, wants whatever may come her way, but at the time her brief was received by this court, she would not stipulate the exact amount because she had not checked the computations. We therefore accept plaintiff's stipulation, but will, as we had to do in order to discover the error, make and check our own computations.

The defendant appealed, but the plaintiff neither appealed nor answered the appeal. Therefore, without regard to the correctness of the trial court's judgment, the plaintiff is not entitled to interest after 1967 or to attorney's fees. Moreover, the defendant did not raise the question of the validity of the vendor's lien and privilege in the appellate court. The only question which was presented for decision in the Court of Appeal was whether any interest (and if so, at what rate) was due on the credit portion of the sale price of a tract of land from December 23, 1957, the date of that sale, to December 23, 1967. That court held that no interest whatever could be charged on the credit portion of the price of the sale of the immovable. See 246 So.2d 690.

We granted writs, being of the opinion at that time that we should review the appellate court's judgment denying interest in order to determine whether Civil Code Articles 1938 and 2553 would not require the credit sale to carry *legal* interest.[3]

---

2. The court must have included interest at 6 per cent past the 1967 deadline although it held this interest non-collectable by sustaining the plea of prescription. We assume this accounts for the approximately $10,000.00 error in the judgment. We also note a $50.00 error and a 90¢ error in computation. These have also been stipulated as errors by the party against whose interest the errors lay.

3. The appellate court held there was no written obligation to pay interest, and that hence there was no stipulated inter-

est. It did not consider the possible application of these Code articles to require legal interest. These articles read:

"Art. 1938. All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated." (Amended 1970, to increase rate to 7 per cent.)

"Art. 2553. The buyer owes interest on the price of the sale, until the payment of the capital, in the three following cases:

"1. If it has been so agreed at the time of the sale.

After a review of the record before us we conclude that we are not faced with the problem which caused us to grant the writ. We find in the record a deed setting forth the consideration for the sale and the terms and conditions (including interest) for the payment of that consideration, and purporting to secure the consideration by real mortgage and by vendor's lien and privilege. It is impossible to determine how the appellate court recognized a sale of an immovable, which has to be reduced to writing, and yet could find no written terms of consideration in that sale requiring interest. The Court of Appeal simply held: " * * * As there was no promise to pay the note and mortgage, there could be no promise to pay interest." [4]

We find that the deed is a contract for sale of an immovable for $6000.00 cash and a credit balance of $60,000.00 to be paid in installments bearing 6 per cent interest on the unpaid balance.[5] Since there is a written contract stipulating the terms for the payment of the credit balance of the sale, which include stipulated interest, it was error to look beyond this instrument.

For the reasons assigned the judgment of the Court of Appeal, First Circuit, is reversed, and it is ordered that the plaintiff, J. Spencer Burks, have judgment against

---

"2. If the thing sold produces fruits, or any other income.

"3. From the date of the sale when the price is then due."

4. The effect of the failure of endorsement of the note upon the note's validity or the validity of the mortgage as a security device has passed out of consideration at this point.

5. The following is the portion of the act of sale pertinent here: "To have and to hold said property unto the said purchaser, heirs, successors, and assigns, forever. This present sale and conveyance is made and accepted for and in consideration of the sum and price of Sixty-six Thousand and no/100 Dollars ($66,000.00) of which amount the sum of Six Thousand and no/100 Dollars ($6,000.00) has been paid in cash, receipt of which is hereby acknowledged and full discharge and acquittance granted therefore; and for the remainder of said purchase price, namely the sum of Sixty Thousand and no/100 Dollars ($60,000.00), Vendee has made and executed her one certain promissory note of even date herewith in the amount of Sixty Thousand and no/100 Dollars ($60,000.00) payable to her on order and duly endorsed in blank by maker. The first installment is due and payable on or before the 23rd day of January, 1958 and is in the amount of Five Hundred and no/100 Dollars ($500.00); a like installment in the amount of Five Hundred and no/100 Dollars ($500.00) is due and payable on or before the 23rd day of February, March, April, and May, 1958, an installment of Six Thousand Five Hundred and no/100 Dollars ($6,500.00) being due on or before June 23, 1958; an additional installment of Five Hundred and no/100 Dollars ($500.00) being due and payable on or before the 23rd day of July, 1958 and a like installment of Five Hundred and no/100 Dollars ($500.00) being payable on or before the 23rd day of each successive month thereafter until all has been paid. The said note stipulates to bear interest at the rate of six per cent (6%) per annum on the unpaid balance and *the amount of each of the above payments includes interest."* (Emphasis supplied.)

the defendant, Edwina E. Williams, in the sum of $49,892.95 with legal interest from date of judicial demand until paid. The defendant is to pay all costs.

On Applications for Rehearing

PER CURIAM

We note that the trial court rendered judgment in which the Vendor's lien and privilege of plaintiff was recognized and enforced to secure the amount of the judgment.

We also note that the Court of Appeal amended the judgment of the trial court but affirmed the trial court in recognizing and enforcing the Vendor's lien and privilege of plaintiff to secure the amount of the judgment.

In our decree, we reversed the judgment of the Court of Appeal but made no mention of the recognition and enforcement of such Vendor's lien and privilege.

We now amend our decree to recognize and enforce such Vendor's lien and privilege to secure the amount of the judgment. Our reason for doing so is that no appeals were ever taken by either party with respect to the Vendor's lien and privilege. We did not intend to imply that the lien and privilege was not being recognized.

█ The defendant complains in application for rehearing that since interest from judicial demand was never prayed for and the trial court did not allow interest after 1967, our judgment allowing interest from judicial demand until paid is in error. The Court of Appeal's judgment awarded interest from judicial demand. Defendant did not apply for certiorari and therefore this part of that court's judgment adverse to her became final.

With the amendment as noted, both applications are denied.