DELL, Judge.
United States Fidelity and Guaranty Company (USF & G) appeals from a final summary judgment entered in favor of ap-pellee, Norman Friedman. We reverse.
*161 Nichlos A. Casas owned a shopping center and leased a store in the center to RMHB Plantation Leasing Company (RMHB). RMHB subleased the premises to Linn Sales, Inc. (Linn). The master lease provided in pertinent part:
THIRTY-FOUR-The landlord has purchased fire and extended coverage and public liability insurance insuring the shopping center of which these demised premises are a part. The landlord may hereafter raise such coverage and such amounts as may from time to time be prudent to landlord within his sole discretion. Such policies may insure the shopping center of which these premises are a part and other properties and locations.
[[Image here]]
FORTY-NINE-In any event, all references in paragraph 19 hereof to the non-liability of the landlord shall be deemed qualified to the extent that landlord shall, in fact, be liable to tenant if such acts result from the fault or negligence of the landlord. Further, landlord shall hold tenant harmless from subrogation claims by landlord’s insurance carriers against tenant, [emphasis added].
USF & G furnished the insurance coverage referred to in paragraph THIRTY-FOUR. In 1982, the store sustained fire damage. USF & G paid the owner for the damages and then filed suit against appel-lee under the subrogation provisions of its policy. Appellee was an officer and employee of Linn Sales, Inc. The complaint alleged that appellee’s negligence caused the fire. Appellee moved for summary judgment and claimed that USF & G could not maintain a subrogation action against him. He argued that as an officer and employee of Linn Sales, Inc., he became an additional insured under the policy. He also argued that the immunity granted by the master lease to Linn Sales, Inc. inured to him. The trial court granted appellee’s motion for summary judgment.
USF & G contends that the trial court erred because a lease provision immunizing a corporate tenant from subrogation claims by the landlord’s insurance company does not afford the same protection to the tenant s negligent employee who is not a party to the lease. While USF & G concedes that paragraph FORTY-NINE prevents it from maintaining a subrogation action against Linn, USF & G argues that “the waiver of subrogation clause expressly and unambiguously applies only to the tenant, not to employees of the tenant such as [Appellee, Norman Friedman].” USF & G also contends that genuine issues of material fact exist as to who purchased the insurance on the building and as to the intention of the parties regarding the scope of the waiver of the subrogation provision.
Appellee cites Mayfair Fabrics v. Henley, 101 N.J.Super. 363, 244 A.2d 344 (Law Div.1968) in support of his argument that the immunity from subrogation claims afforded to Linn by paragraph FORTY-NINE also applies to claims for subrogation against him. Mayfair Fabrics involved essentially similar facts as those sub judice. The court, after an extensive analysis of the restatement of agency, concluded:
The rule of the Restatement and of the other pertinent authorities referred to above is, therefore, that where a valid agreement is entered into between an employer and a third person, exculpating the former from liability to the latter for ordinary negligence, an employee is ordinarily entitled to the same exculpation as his employer, even though he is not expressly named as a beneficiary of such exculpation. The rule is applicable here.
Id. 244 A.2d at 351.
In reaching this conclusion, the Mayfair court cited section 347 of the Restatement of the Law:
“An agent who is acting in pursuance of his authority has such immunities of the principal as are not personal to the principal.”
244 A.2d at 348.
The court acknowledged in a footnote to the previous quote that the Restatement of Agency (Second) amended section 347:
As is apparent from the above, the language of section 347 was changed when the Restatement, Agency 2d, was published, but the meaning thereof has not *162 changed. As stated in the Reporter’s Notes, Appendix, Restatement, Agency 2d:
“Sections 345, 346 and 347 deal with the defenses which an agent may have because he is doing an act which the principal would be privileged to do or is himself protecting the interests of the principal. Section 347 in its original form stated that ‘an agent acting in pursuance of his authority has the immunities of a principal which were not personal to the principal.’ Reconsideration of this language has convinced the group that the word immunity was improperly used to cover situations for which other phrasing should be used. Hence the Section has been changed to read as it is at present, distinguishing between immunities, privileges, and the lack of duty or diminished duty of care which is owed to special groups of persons under some circumstances. This distinction is pointed out in § 217.”
244 A.2d at 348, n. 1.
As amended, Restatement of Agency (Second), section 347(1) provides:
(1) An agent does not have the immunities of his principal although acting at the direction of the principal, [emphasis added].
We consider the amendment to section 347 a material change and one which causes us to reject appellee’s argument that we should adopt the holding in Mayfair Fabrics. Appellant also directs our attention to the Reporter’s Notes following Restatement of Agency (Second), section 217, comment b., which states in part:
Immunities, unlike privileges, are not del-egable and are available as a defense only to persons who have them....
We agree with appellant’s argument that the trial court, without the benefit of evidence as to the intent of the parties, effectively rewrote the unambiguous provisions of paragraph FORTY-NINE to include ap-pellee within the scope of the waiver of subrogation provisions.
We find no support in this record or in the cases cited by appellee to hold that the immunities provided by the master lease extended to appellee. However, the record demonstrates that genuine questions of material fact exist as to the intention of the parties regarding the scope of the waiver of subrogation provision. Accordingly, we reverse the order granting final summary judgment in favor of appellee and remand this cause to the trial court for further proceedings.
REVERSED and REMANDED.
GLICKSTEIN, J., and COOK, JACK H., Associate Judge, concur.