# INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS OF MIAMI BEACH, INC. v ROBBINS, etc., et al.

## Case No. 88-31350 CA 21

Eleventh Judicial Circuit, Dade County

March 30, 1990

### APPEARANCES OF COUNSEL

**Heyward A. Bradman, Esquire,** for plaintiff-taxpayers.

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendant Property Appraiser and Tax Collector.

**Robert A. Butterworth,** Attorney General, and **Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant Executive Director of the Department of Revenue.

### OPINION OF THE COURT

JOHN A. TANKSLEY, Circuit Judge.

## ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ORDER OF DISMISSAL

THIS CAUSE came before the Court on March 26, 1990, pursuant to notice, on the Defendant Taxing Authorities' Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Court reviewed the pleadings and the court file and considered the motion and moving papers in light of the memoranda of law submitted by the parties and the applicable authorities. Upon consideration, the Court finds as follows:

### FINDINGS OF UNDISPUTED FACT

1. This is an action contesting the denial of charitable and religious ad valorem tax exemption for 1987 with respect to certain real property located at 2445 Collins Avenue, Miami Beach, Florida, and identified by tax assessment roll Folio No. 02-3226-001-0641.

2. The taxpayer paid no taxes on the subject property before the July 22, 1988 filing of the Complaint herein, or at any time before July 31, 1989, the following year. (Tax Collector's affidavit, paragraph 4).

3. Although the character and extent of other uses of the subject property as of the January 1, 1987 assessment date may be in dispute, it was undisputed that portions of the subject property were used as a restaurant open to the public, serving meals for profit.

### CONCLUSIONS OF LAW

4. The taxpayer acknowledges that this Court's jurisdiction herein is governed by Section 194.171, Florida Statutes (1987). (Complaint, paragraphs 7, 11). The taxpayer, however, has failed to comply with the express jurisdictional requirement of that statute governing the filing of this action. Section 194.171(3), Florida Statutes (1987), provides:

> (3) *Before* a taxpayer may bring an action to contest a tax assessment, *he shall pay* to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and *the taxpayer shall file the receipt with his complaint.*

5. The taxpayer's Property Appraisal Adjustment Board testimony, submitted without objection in support of the motion, demonstrated that the restaurant on the subject property offered meals to the public from a menu at prices of $6.95 or less. (Tr. 23). Florida law mandates that "property claimed as exempt for . . . charitable purposes which is used for profitmaking purposes *shall* be subject to ad valorem taxation." § 196.196(3), Fla. Stat. (1987); *North Shore Medical Center, Inc.*

*v Bystrom,* 461 So.2d 167, 168 (Fla. 3d DCA 1985). Strict construction and strict compliance are required in the application of statutes governing exceptions and exemptions from taxation. *E.g., Dade County Taxing Authorities v Cedars of Lebanon Hospital Corp.,* 355 So.2d 1202, 1205 (Fla. 1978); *United States Gypsum Co. v Green,* 110 So.2d 409, 413 (Fla. 1959); *Robbins v Yusem,* 15 F.L.W. D554, D555 (Fla. 3d DCA Feb. 27, 1990)[559 So. 2d 1185 (Fla. 3d DCA), rev. denied, 569 So. 2d 1282 (Fla. 1990)]. "[I]n order for a taxpayer to receive a benefit different in kind from other taxpayers, it is necessary for him to strictly comply with *all* conditions which would be necessary to entitle him to the special treatment." *Jar Corp. v Culbertson,* 246 So.2d 144, 145 (Fla. 3d DCA), cert. denied, 246 So. 2d 690 (Fla. 1971). *See also* § 196.001, Fla. Stat. (1987) (all real property in this state shall be subject to taxation "[u]nless *expressly* exempted").

As a result of certain profitmaking or otherwise nonexempt uses—including, at a minimum, the restaurant on the subject premises—the taxpayer was required to make a pro-rata tax payment *"before"* filing suit. §§ 194.171(3) & 196.192, Fla. Stat. (1987). This it undisputedly failed to do. (Tax Collector's affidavit, paragraph 4). In violation of the jurisdictional statute, no receipt was attached to the taxpayer's Complaint. § 194.171(3), Fla. Stat. (1987).

6. Section 194.171(6), Florida Statutes (1987), makes subsection (3) jurisdictional. As therein provided:

The requirements of subsections (2), (3) and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5). As a result of the taxpayer's noncompliance with the jurisdictional requirements for initiating this action, the Court lacks jurisdiction over the subject matter hereof. § 194.171(3) & (6), Fla. Stat. (1987); *Mori v Robbins,* 541 So.2d 778 (Fla. 3d DCA 1989); *Wilkinson v Reese,* 540 So.2d 160 (Fla. 1st DCA 1986); *Clark v Cook,* 481 So.2d 929 (Fla. 4th DCA 1985); *Markham v Corlett,* 453 So.2d 907 (Fla. 4th DCA 1984). *See Bystrom v Diaz,* 514 So.2d 1072 (Fla. 1987).

Based upon the specific findings and conclusions set forth hereinabove, it is, accordingly

ORDERED and ADJUDGED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted, and this cause be and the same is hereby dismissed with prejudice, provided that the Court retains jurisdiction to tax costs in favor of Defendants.

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 30th day of March, 1990.